Juan de Dios Santini, recurrente, *v.* Comisión Industrial de Puerto Rico, Hons. M. León Parra, F. Paz Granela y Juan M. Herrero, y Hon. Ramón Motaner, Administrador del Fondo del Seguro del Estado, demandados, y José Rivera Rivera, obrero lesionado.

Núm. 183.—*Sometido:* Enero 8, 1940. *Resuelto:* Marzo 15, 1940.

*R. Rivera Zayas* y *Joaquín Velilla,* abogados del recurrente; *M. León Parra,* abogado de la Comisión Industrial, demandada; *Víctor J. Vidal González,* Asesor legal del Administrador del Fondo del Seguro del Estado, demandado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Juan de Dios Santini ha interpuesto el presente recurso en contra de la resolución dictada por la Comisión Industrial el 16 de octubre de 1939.

En mayo 11 de 1939, el obrero José Rivera Rivera radicó una petición para compensación en la que alegó que el día 9 de mayo de 193__ había sufrido un accidente mientras trabajaba para su patrono, el aquí recurrente, en la construcción de una casa en Barranquitas; que el accidente ocurrió al romperse un andamio, cayendo el peticionario desde una altura de 17 pies y recibiendo lesiones en varias partes de su cuerpo; que además del peticionario trabajaban para dicho patrono cuatro obreros más y algunas veces un número mayor, según las necesidades; y que según sus informes, el

Sr. Santini no era un patrono asegurado con el Fondo del Seguro del Estado.

En su resolución la Comisión Industrial declaró probados los hechos siguientes:

Que Santini, siendo casado y apoderado de su esposa, simuló la venta de una cuerda de terreno para dársela a su concubina y a sus siete hijos; que construyó una casa para ellos, primero en su propia finca, pasándola luego a la cuerda que simuló vender a su concubina Josefa Burgos; que Francisca Rodríguez Burgos, a cuyo nombre se obtuvo el permiso para la construcción de la casa, es la misma Josefa Burgos, concubina de Santini; que éste contrató y pagó los obreros que construyeron la casa, y que en dicha construcción empleó cuatro obreros, aunque el día del accidente de Rivera sólo trabajaban dos porque la casa estaba terminada y sólo faltaba instalar las canales.

Basándose en las anteriores conclusiones de hecho, la Comisión resolvió que Santini es el patrono; que como tal empleaba cuatro obreros en la construcción de la casa; que por lo tanto estaba obligado a asegurarse contra accidentes del trabajo; y que el lesionado Rivera está protegido por la Ley núm. 45 de 1935 ((1) pág. 251).

Alega el recurrente que la Comisión erró al declarar sin lugar la excepción previa de falta de causa de acción; que actuó sin jurisdicción al celebrar la vista y dictar la resolución recurrida; que erró al resolver que el recurrente venía obligado a tener asegurado al obrero lesionado y al resolver que el recurrente está incurso en las disposiciones del artículo 15 de la Ley núm. 45 de 1935.

La alegada insuficiencia de la petición se basó en que en ella se decía "que el aquí peticionario el día 9 de mayo de 193__ sufrió un accidente, etc.," sin precisar el año en que el peticionario fué lesionado. La excepción fué formulada en el acto de la vista del caso. El comisionado que presidía la declaró sin lugar y procedió a oír la prueba adu-

cida por el peticionario. De ella resulta claramente establecido que el accidente ocurrió el día 9 de mayo de 1939, y que el lesionado ingresó en la Clínica Industrial el día 11 del mismo mes y año. La omisión del año en que ocurrió el accidente quedó subsanada por la prueba. No erró la Comisión al negarse a desestimar la petición por un mero tecnicismo.

La alegada falta de jurisdicción de la Comisión para dictar la resolución recurrida se basa en que la vista del caso se celebró ante el Presidente de la Comisión, "sin que del expediente del presente caso, o de ningún documento obrante en los archivos aparezca resolución alguna de la Comisión Industrial, delegando en su Presidente la facultad de celebrar esta vista, recibir la evidencia y someter un informe a la Comisión." Del récord aparece que la excepción de falta de jurisdicción fué declarada sin lugar por los motivos siguientes: (a) porque el artículo 10 de la Ley núm. 45 de 1935 dispone que después de haberse radicado una reclamación, "cualquiera de las partes podrá notificar a la Comisión Industrial, la que señalará el caso para ser oído por la Comisión ó por un Comisionado" y, además, que "si el caso fuere señalado para ser oído por un Comisionado, . . . . la decisión del Comisionado, junto con una exposición de la evidencia, y sus conclusiones sobre los hechos y el derecho, y otras materias pertinentes a la cuestión planteada ante él, será radicada en la Comisión Industrial para su decisión"; (b) porque la Comisión desde el año 1935 ha seguido la pauta de que las vistas se celebren ante uno de los Comisionados, por no haber tiempo suficiente para celebrarlas ante la Comisión en pleno, debiendo el Comisionado que oye el caso informar por escrito a la Comisión y someter a ésta un proyecto de resolución para su aprobación.

Vistas las disposiciones de las secciones 6(b) y 10 de la Ley núm. 45 de 1935, y apareciendo de la faz de la resolución recurrida que ésta fué aprobada por el voto del Presidente actuando como ponente y por el concurrente del

Comisionado F. Paz Granela, opinamos que no hubo error en la desestimación de la excepción.

 De la evidencia practicada resulta claramente·probado que el trabajo de construcción de la casa duró entre cuatro y cinco semanas y que el recurrente empleaba en ese trabajo a Frank Zayas y Florentino Negrón como carpinteros y a Pablo Matos y José Rivera, el lesionado, como peones. Esa prueba sostiene las conclusiones de hecho a que llegó la Comisión Industrial y es nuestro deber respetarlas.

De acuerdo con los hechos probados, el patrono estaba obligado a tener asegurado al obrero que resultó lesionado. El artículo 2 de la Ley núm. 45 de 18 de abril de 1935 dispone que ''esta ley será aplicable a todo patrono que emplee cuatro (4) o más obreros o empleados comprendidos en esta Ley, cualquiera que sea su salario.'' El hecho de que en el momento en que ocurrió el accidente no hubiese más que dos obreros trabajando en la obra, no exime al patrono de la obligación de asegurar que por ministerio de la ley contrajo desde el instante en que dió comienzo a la obra empleando en ella cuatro o más obreros.

*Debe confirmarse la resolución recurrida.*