Juan de Dios Santini, recurrente, *v.* La Comisión Industrial de Puerto Rico, Hons. M. León Parra, F. Paz Granela y Juan M. Herrero, demandada; Hon. Ramón Montaner, Administrador del Fondo del Seguro del Estado, recurridos, y José Rivera Rivera, obrero lesionado.

Núm. 183.—*Sometido:* Julio 8, 1940. *Resuelto:* Julio 19, 1940.

*R. Rivera Zayas* y *Joaquín Velilla,* abogados del recurrente; *M. León Parra,* abogado de la Comisión Industrial, demandada; *Víctor J. Vidal González,* Asesor Legal del Fondo del Seguro del Estado, abogado del Administrador del Fondo mencionado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

EN MOCIÓN DE RECONSIDERACIÓN

Los antecedentes de este caso constan de la opinión que sirvió de base a nuestra sentencia del día 15 de marzo de 1940 (56 D.P.R. 363), cuya reconsideración se solicita. Para una mejor comprensión de las cuestiones a tratar, haremos una breve síntesis de los hechos esenciales.

José Rivera Rivera radicó ante la Comisión Industrial de Puerto Rico una petición de compensación contra su patrono no asegurado, Juan de Dios Santini. Llamado el caso para vista ante Manuel León Parra, presidente de la Comisión,

el patrono atacó su jurisdicción para conocer del caso, porque no aparecía de autos que la Comisión hubiese tomado el acuerdo de delegar en él la facultad de entender en el asunto, según lo requiere, a juicio del patrono, el artículo 10 de la Ley de Compensaciones por Accidentes del Trabajo. El presidente de la Comisión desestimó la objeción basándose en que desde el año 1935 en que entró en vigor la citada Ley de Compensaciones, la Comisión había acordado que las vistas se celebrasen ante un solo comisionado por exigirlo así el crecido número de casos que se tramitaban y lo limitado del tiempo. En su moción de reconsideración, el patrono insiste en esa cuestión.

Existe cierta incompatibilidad e inconsistencia entre lo alegado por el recurrente ante el presidente de la Comisión el día de la vista y lo que sostiene ahora en su moción de reconsideración. Mantuvo entonces que no se había cumplido estrictamente con el artículo 10 de la Ley de Compensaciones a Obreros, y ahora, que dicho artículo es inaplicable a los hechos de este caso, por cuanto aquí se trata de un patrono no asegurado, mientras que aquél se refiere a casos únicamente en que "el Administrador y el obrero o empleado *asegurado* no llegaren a un acuerdo respecto a la compensación, o si después de haber llegado a un acuerdo, que haya sido firmado y radicado en armonía con esta ley, . . . hubiere una infracción del acuerdo." De todos modos, como la cuestión jurisdiccional se ha planteado suficientemente, pasaremos a decidirla.

■■ Dispone el artículo 10 lo siguiente:

"Artículo 10.—Si el Administrador y el obrero o empleado *asegurado* no llegaren a un acuerdo respecto a la compensación, o si después de haber llegado a un acuerdo, que haya sido firmado y radicado en armonía con esta Ley, habiéndose pagado la compensación o estando pendiente de pagarse de acuerdo con esta Ley, hubiere una infracción del acuerdo en cuanto a la continuación de los pagos semanales bajo dicho acuerdo o por cualquier otro motivo bajo dicho acuerdo, cualesquiera de las partes podrá notificar a la Comisión

Industrial, la que señalará el caso para ser oído por la Comisión Industrial o por un Comisionado.

"Si el caso fuere señalado para ser oído por un Comisionado, la vista tendrá lugar en la localidad donde haya ocurrido el accidente o en cualquier otro sitio que la Comisión Industrial designare, y la decisión del Comisionado, junto con una exposición de la evidencia, y sus conclusiones sobre los hechos y el derecho, y otras materias pertinentes a la cuestión planteada ante él, será radicada en la Comisión Industrial para su decisión; *Disponiéndose,* que la Comisión podrá motu proprio, o a solicitud de parte interesada, reconsiderar sus decisiones; *Y disponiéndose, además,* que en este último caso la petición de reconsideración deberá presentarse dentro de los diez días a contar de la fecha en que el interesado reciba la notificación de la decisión de la Comisión.

"La Comisión Industrial radicará su decisión en el expediente, notificando a las partes. Ninguna de las partes tendrá derecho a una segunda vista sobre cuestiones de hechos." (Bastardillas nuestras.)

Y el artículo 15, en lo que es pertinente, lee así:

"Artículo 15.—En el caso de que ocurriese un accidente a un obrero o empleado cuando trabajare para un patrono que en violación de la ley no estuviere asegurado, el Administrador del Fondo del Estado determinará la compensación que proceda más los gastos en el caso y certificará su decisión al Tesorero de Puerto Rico, quien cobrará al patrono dicha compensación y gastos, y una y otros constituirán un gravamen (*lien*) sobre toda la propiedad del patrono; *Disponiéndose,* que dicha compensación y gastos se declaran gravámenes preferentes a toda otra carga o gravamen por contribuciones o por cualquier otro concepto, con excepción de los créditos hipotecarios y los créditos refaccionarios y de las contribuciones sobre la propiedad gravada por tres años y la anualidad corriente que pese sobre la propiedad del patrono al trabarse embargo en garantía de tal compensación y gastos; *Disponiéndose, además,* que la Comisión dará, tanto al patrono como al obrero o empleado, en el caso, oportunidad de ser oídos y defenderse, ajustándose en lo posible a las prácticas observadas en las cortes de distrito; *Y disponiéndose, también,* que, citadas las partes por el medio que la Comisión adopte, si éstas o cualquiera de ellas no concurriesen para ser oídas y defenderse, se entenderá que éstas renuncian a su derecho, y la Comisión podrá fallar el caso en rebeldía sin más demora.

"    .        .        .        .        .        .        .        ."

Un detenido análisis de ambos artículos de la ley nos hace llegar a la conclusión de que el primero de ellos, o sea el 10, se refiere, como sostiene el recurrente, exclusivamente a casos de obreros cuya compensación en casos de accidentes haya sido asegurada por el patrono, y que el artículo 15 es el aplicable a casos en que el patrono no esté asegurado con el Fondo del Seguro del Estado. Veámoslo.

Se encuentra el artículo 10 antes citado en una división de la ley titulada "Convenios entre el Administrador y el Reclamante," que comprende los artículos desde el 9 hasta el 11, ambos inclusive. Después de facultar el artículo 9 al Administrador del Fondo para celebrar convenios con los obreros o empleados lesionados "siempre que los mismos estén comprendidos dentro de los términos fijados por esta Ley," y de disponer más adelante que todo arreglo, convenio o transacción entre el Administrador y el lesionado o sus beneficiarios "tendrá el efecto de relevar al patrono de toda responsabilidad ulterior por el accidente," dispone el artículo 10 que si no fuere posible un acuerdo respecto a la compensación entre el Administrador y el obrero, o si hubiere una infracción del acuerdo en cuanto a la continuación de los pagos, cualquiera de las partes podrá notificar a la Comisión Industrial, "la que señalará el caso para ser oído *por la Comisión Industrial o por un Comisionado.*"

Al decir la ley "siempre que los mismos estén comprendidos dentro de los términos fijados por esta Ley," y "tendrá el efecto de relevar al patrono de toda responsabilidad ulterior por el accidente," implica necesariamente que habrá un patrono asegurado, pues no pueden estar los obreros comprendidos dentro de los términos fijados por esta ley si no hay un patrono que les haya asegurado, ni habrá el administrador de hacer arreglos, convenios o transacciones que releven al patrono de toda responsabilidad ulterior si previamente el patrono no ha constituído al administrador en su asegurador. Asimismo es indicio de que el artículo 10 se refiere sólo a patronos asegurados el hecho de que comienza diciendo

que "si el Administrador y el obrero o empleado *asegu-rado* . . ." No tenemos, pues, duda alguna de que ese artículo no comprende al patrono de autos y que por el contrario su caso está comprendido dentro del artículo 15 que ya hemos transcrito y que está incluído dentro de una división de la ley titulada "Patronos no asegurados." Pero si hubiese alguna duda de que el tal artículo 15 se refiere tan sólo a patronos no asegurados con el Fondo del Seguro del Estado, nos la disiparía inmediatamente el artículo 29 de la propia Ley de Compensaciones que en lo pertinente dice:

"Artículo 29.—.            .        .        .        .        .

"No obstante lo dispuesto en el artículo 15 de esta Ley en cuanto a la jurisdicción que se confiere a la Comisión Industrial para intervenir en los casos de patronos no asegurados...."

Establecida la aplicabilidad de los artículos 10 y 15 a los casos de patronos asegurados y de patronos no asegurados, respectivamente, pasemos a examinar la intervención de la Comisión Industrial en cada uno de ellos. El artículo 10 dispone taxativamente que cuando de patronos asegurados se trata, la Comisión podrá señalar "el caso para ser oído por la Comisión Industrial o por un Comisionado." El artículo 15, que trata de patronos no asegurados, sólo habla de la Comisión pero no de Comisionados.

Hay que presumir que la ley no ha usado indistintamente ambos términos, pues al querer facultar a los últimos para algo, bien explícita ha sido como lo demuestra el hecho de que en el artículo 8 diga que "a requerimiento escrito . . . de la Comisión Industrial o de cualquier Comisionado de la misma," y que en el 14 diga que ciertos documentos serán admisibles en los procedimientos "ante la Comisión Industrial o cualquier Comisionado."

Creemos haber establecido que si bien los casos de patronos asegurados pueden verse indistintamente a discreción de la Comisión Industrial ante ésta o ante un Comisionado, los que tengan que ver con patronos no asegurados habrán de

ventilarse exclusivamente ante la Comisión Industrial de Puerto Rico.

¿Y cuándo está constituída como tal la Comisión Industrial de Puerto Rico? El artículo 6–*b* de la ley dice que la Comisión Industrial de Puerto Rico constará de tres comisionados etc. Ese mismo artículo dispone que una mayoría de la Comisión constituirá quórum, y que la vacante o ausencia de uno de sus miembros no entorpecerá el derecho de los dos restantes a ejercer todos los deberes y poderes conferídosle por esta ley, lo que equivale a decir que la vacante o ausencia de más de uno de sus miembros sí entorpecerá el derecho del comisionado restante a ejercer todos los deberes y poderes conferídosle por esta ley. Tratándose en este caso de un patrono no asegurado, requiriendo el artículo 15 de la ley que esos casos se vean ante la Comisión Industrial, y disponiendo por implicación el artículo 6–*b* que la vacante o ausencia de más de uno de sus miembros sí entorpecerá el derecho del Comisionado restante a ejercer todos los deberes y poderes conferídosle por esta ley a la Comisión, no podemos llegar a otra conclusión que no sea la de que el presidente de la Comisión Industrial de Puerto Rico actuó sin jurisdicción al conocer de este caso, del que debió entender la Comisión Industrial constituída ésta por sus tres Comisionados o por un quórum. Y es natural que así sea. Cuando el patrono no ha asegurado a sus obreros en el Fondo del Seguro del Estado, éstos pueden proceder contra él radicando una petición para compensación ante la Comisión Industrial, y, además pueden ejercitar una acción por daños y perjuicios lo mismo que si la Ley de Compensaciones no fuere aplicable. En tal procedimiento, dice la sección 15, "no constituirá defensa para el patrono que el obrero o empleado fué culpable de negligencia contributoria o que asumió el riesgo de la lesión o que la lesión fué causada por la negligencia de un contratista o subcontratista independiente, a menos que el contratista o subcontratista independiente se hubiere asegurado con arreglo a las disposiciones

·de esta Ley.'' Lo lógico en tales casos es darle al patrono las mayores garantías disponiendo que por lo menos dos de tres hombres imparciales juzguen su caso, pues aun cuando ·el Comisionado que presida una vista en ausencia de los ·otros dos miembros de la Comisión, refiera después a éstos ·la evidencia y las conclusiones a que haya llegado en vista ·de ella, los Comisionados que no tuvieron la oportunidad ·de ver a los testigos ni de oírles declarar no están en las ·mismas condiciones que el Comisionado que los vió y los ·oyó, para decidir sobre la veracidad de los testigos, pues ·para ello es menester ver sus gestos y la forma en que se conducen al testificar.

De que para resolver los casos de que trata el artículo 15 de la ley es suficiente un quórum de la Comisión, lo corrobora el artículo 3, inciso 5, de la misma, que faculta al Administrador a pagar totalmente una compensación ''sujeto a la aprobación de la Comisión Industrial *por el voto unánime de sus miembros.''*

*Por las razones expuestas debe declararse con lugar la moción de reconsideración radicada por el recurrente Juan de Dios Santini, dejarse sin efecto nuestra sentencia del día 15 de marzo de 1940, y en su lugar debe dictarse otra revocando la resolución de la Comisión Industrial de fecha 16 de octubre de 1939 y devolverse el caso a la Comisión Industrial para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. De Jesús no intervino.