MARTÍN HERNÁNDEZ, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y LUIS ESTRELLA ZAMBRANA, obrero.

Núm. 236.—*Sometido:* Marzo 9, 1942. *Resuelto:* Marzo 20, 1942.

*Carlos D. Vázquez,* abogado del recurrente; *Virgilio Brunet y José L. Novas,* abogados del obrero.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La presente es una solicitud para que se revise una resolución de la Comisión Industrial concediendo compensación a un obrero por la pérdida de su dedo índice izquierdo mientras trabajaba para el peticionario, un patrono no asegurado, como auxiliar de carpintero.

La comisión resolvió en su resolución de 17 de octubre, 1941 que "en algunas ocasiones dicho patrono utilizaba los servicios de más de cuatro obreros en la obra en que se lesionó Luis Estrella Zambrana y que aunque no los utilizara el día en que ocurrió a éste el accidente de autos, de acuerdo con la sentencia del Hon. Tribunal Supremo de Puerto Rico en el caso de *José Rivera Rivera* v. *Juan de Dios Santini* (56 D.P.R. 363) tenía que asegurar a sus obreros. . ." Por resolución de 19 de noviembre, 1941, la comisión, al declarar sin lugar una moción de reconsideración, manifestó que la lesión del obrero era compensable por el peticionario porque "con anterioridad a la fecha del accidente utilizó más de 3 obreros sin haber cumplimentado el seguro correspondiente. . ."

El caso de *Santini* v. *Comisión Industrial,* 56 D.P.R. 363, resuelve que una obra específica debe estar cubierta en todo momento por el seguro de compensaciones a obreros, si en cualquier momento cuatro o más obreros fueron empleados durante el curso de tal obra. La comisión, en su resolución de 19 de noviembre, 1941 desestimando la moción de reconsideración, reconoció que había cometido error en su resolución de 17 de octubre al descansar su adjudicación en el caso de *Santini.* En el récord no hay evidencia de que alguna vez más de dos obreros trabajaran en la obra en la cual el obrero en este caso sufrió la lesión.

El único otro fundamento por el que se podría sostener la adjudicación sería por tanto que el peticionario empleó regularmente cuatro o más obreros. Secciones 2 y 38, ley núm. 45, Leyes de Puerto Rico, 1935 ((1) pág. 251). La sección

38 dispone que los obreros "cuya labor sea de un carácter accidental o casual" están excluídos expresamente. Aquí la comisión no llegó a pronunciamiento (*finding*) alguno en cuanto a empleo regular y permanente. La comisión solamente indicó que con anterioridad a la fecha del accidente el peticionario empleó más de tres obreros.

La evidencia fué que el peticionario reparaba cuando era necesario 25 casas de madera propiedad de su hermana. Su propio negocio era la compraventa de casas y prestar dinero en hipotecas. Con excepción del obrero lesionado, todos los testigos declararon que ellos no trabajaban permanentemente para el patrono, sino únicamente en aquellas ocasiones en que él solicitaba sus servicios. Sus obreros eran pagados por día cuando trabajaban. Hubo evidencia al efecto de que durante el año 1940 Hernández efectuó reparaciones en 8 diferentes casas propiedad de su hermana. En una de ellas 10 u 11 obreros fueron empleados en una ocasión. Y en otra ocasión se realizaron al mismo tiempo tres obras que requerían un total de cuatro obreros. Pero en ausencia de un empleo regular y permanente de cuatro o más obreros durante el año, a lo sumo el patrono estaba obligado a asegurar cada obra en la cual se emplearan cuatro o más obreros. [3] Como no hubo evidencia de que existiera en este caso alguna de estas condiciones, no había hechos sobre los cuales la comisión hubiese podido basar correctamente su adjudicación.

También alega el peticionario que en la vista de la moción de reconsideración se admitió evidencia, a pesar de su oposición, que fué más allá de las alegaciones de la moción. En vista de la conclusión a que hemos llegado, no es necesario que entremos a considerar este alegado error.

*La resolución de la Comisión Industrial será revocada.*

El Juez Asociado Sr. Travieso no intervino.