Efïgenio Charneco y Pura Charneco, recurrentes, *v.* Comisión Industrial, Etc., demandada; Juan Hernández Acevedo, lesionado.

Núm. 324.—*Sometido:* Junio 16, 1944. *Resuelto:* Julio 14, 1944.

*William Luyando Charneco,* abogado de los recurrentes; la Comisión Industrial y el obrero lesionado no comparecieron.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La presente es una solicitud de revisión de una resolución de la Comisión Industrial otorgando compensación a Juan Hernández Acevedo, el obrero aquí envuelto. Esta corte, *motu proprio,* deja sin efecto su opinión y sentencia del 3 de julio de 1944 dictadas en este caso.

Debe rechazarse la contención de los recurrentes, de que estando aquí envuelto un patrono no asegurado, el caso no debió haberse visto ante un comisionado. Aunque el caso de *Santini* v. *Comisión Industrial,* 57 D.P.R. 412, sostiene la contención de los recurrentes, la Legislatura ha cambiado la ley sobre este punto. La Ley núm. 43, Leyes de Puerto Rico, 1942, enmienda la sección 10 de la Ley de Compensaciones del Trabajo, al disponer que "en los casos de patronos no asegurados . . . el caso podrá ser visto por la Comisión Industrial, o por uno de sus Comisionados . . .".

En cuanto a los méritos del caso, el obrero declaró que había empezado a trabajar para el patrono el día del accidente; que se dedicaba a cortar leña para hacer carbón; que era la única persona empleada dicho día; que en una ocasión anterior durante el mismo año se habían empleado más de cuatro obreros en la misma finquita de los peticionarios durante el desmonte y la recolección del café. Hubo conflicto en la prueba en cuanto a algunos de estos hechos, pero la Comisión los resolvió tal y como se han expuesto.

Aceptando como ciertos los hechos tal y como la Comisión los encontró probados, el obrero no tenía derecho a compensación en este caso. Como dijimos en *Hernández* v. *Comisión Industrial,* 60 D.P.R. 165, el caso de *Santini* v. *Comisión Industrial,* 56 D.P.R. 363—en el que descansó la Comisión al conceder la compensación—"resuelve que una obra específica debe estar cubierta en todo momento por el seguro de compensaciones a obreros, si en cualquier momento cuatro o más obreros fueron empleados durante el curso de tal obra". Asumiendo, sin decidirlo, que el desmonte y recolección del café era una "obra" específica similar a la contemplada por el caso de *Santini,* la prueba del propio obrero fué que la colecta había sido terminada varios días antes y que él solamente estaba trabajando para el patrono el día del accidente, cortando leña para hacer carbón.

Según dijimos en el caso de *Hernández,* a la pág. 167: " . . . en ausencia de un empleo regular y permanente de cuatro o más obreros durante el año, a lo sumo el patrono estaba obligado a asegurar cada obra en la cual se emplearan cuatro o más obreros. Como no hubo evidencia de que existiera en este caso alguna de estas condiciones, no había hechos sobre los cuales la comisión hubiese podido basar correctamente su adjudicación."

*La resolución de la Comisión Industrial será revocada y se dictará otra a favor de los recurrentes.*