## INDUSTRIAL COMMISSION v FRANCIS

Ohio Appeals, 9th Dist, Summit Co

No 2504. Decided March 27, 1935

442

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Atty. Gen., Columbus, and Herman E. Werner, Prosecuting Atty., Akron, for plaintiff in error.

Carl M. Myers, Akron, and W. M. Giffin, Akron, for defendant in error.

## OPINION

By WASHBURN, J.

No claim of error is made in reference to said proceedings except that it is claimed that the court's ruling on said question of waiver is erroneous; and counsel concede that, if we conclude that the court was not wrong in its ruling on said question of waiver, then the judgment should be affirmed.

By said two sections of the **General Code** (§§1465-73 and 1465-74 GC) the employee is given two remedies by which he can claim compensation for his injuries; one remedy by suit directly against his employer, and the other by a proceeding which is in effect against his employer by application to the commission to determine the compensation; if any, he is entitled to receive.

In reference to the remedies given to the employee by said sections, there is no statutory provision that, by making an application to the commission, he waives his right to thereafter bring a civil action against his employer for compensation for said injuries, nor that, by filing a civil action

against his employer, he thereby waives his right to thereafter bring proceedings before the commission for compensation; but by the common law they could not be concurrently prosecuted, and, the remedies afforded being inconsistent, the election of the one would be a bar to the other.

At common law, as interpreted in this state—

"2. In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party or pursued his remedy to final judgment."

Frederickson v Nye, 110 Oh St 459.

If the rights of said employee under said section are governed by the common law, as interpreted in this state, as to the question of waiver, then the trial court was right in this instance in holding that the empleyee had not waived his right to apply to the commission for compensation by the mere bringing of a suit against his employer.

There are numerous cases involving this question where the statute does not expressly provide that the pursuit of one remedy shall constitute a waiver of the right to pursue the other remedy, and in which it has been held that even the unsuccessful prosecution of the remedy by civil action is not a waiver of the right to compensation under the Workmen's Compensation law; but we know of no case, and have been cited to none, in which, in the absence of a statute specially covering the question of waiver, it has been held that the mere filing of a civil action, which is later dismissed without prejudice, constitutes a waiver of the right to compensation under the Workmen's Compensation Act; and, in our judgment, such a holding would be contrary to the provisions of the compensation act, liberally construed in favor of the employee.

The doctrine of election of remedies is the application of the underlying principles of estoppel, and, where not controlled by statute, requires, before it can be invoked, a showing that one of the parties has caused the other party to change his position to his own detriment, or that the remedy chosen has been pursued to final judgment, and we see no good reason why the statute (§1465-73 GC) giving the employee the right to file an application for compensation "in lieu of proceedings against his employer by civil action" should be so construed as to deprive him of that right merely because he brought a civil action and thereafter promptly dismissed it without prejudice.

When §§1465-73 and 1465-74, GC, were enacted, there were enacted, as a part of the same act, certain other sections, in which an election of certain remedies was given to employees, and it was expressly provided that, as to said other sections, the exercise of the option by the employee, by the mere instituting of an action or the filing of an application, should constitute an election of remedies and a waiver of his right to pursue the other remedy; and if the legislature had intended that the words "in lieu of" should be construed to have the same effect the legislature would have used language plainly expressing such intention. The failure to do so is significant.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in Judgment.