## LAND v BERZIN

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 16525. Decided Feb 7, 1938

Land & Land, Cleveland, for Plaintiff Appellant.

Leo Rossman, Cleveland, for Defendant Appellee.

## OPINION

By TERRELL, J.

Plaintiff brought an action against defendant in the municipal court of Cleveland for injuries sustained in an automo-

bile collision, on the theory that the driver of the automobile causing the collision and consequent injuries to the plaintiff, was the servant of the defendant engaged at the time in the course of his employment, so that as against the defendant in this case he attempted to apply the doctrine of respondeat superior.

Defendant filed an answer in which he denied that the driver of said automobile was his servant or was acting within the scope of his employment. While this action was pending upon the petition and answer, plaintiff thereupon brought an action directly against the alleged servant of this defendant. Service was had in that case but no answer was filed and the case went to default judgment. Thereupon the defendant in this case moved the court for a dismissal on the ground that since plaintiff had obtained a judgment against the alleged servant he had elected his remedy and was barred from pursuing a claim against the master.

The trial court granted this motion and dismissed the case on the ground that plaintiff had already recovered a judgment against the alleged servant of defendant for the damages arising out of the same acts as alleged in the petition.

Plaintiff asks us to review this ruling and claims that the trial court was in error in thus dismissing his petition. The question thus presented for our determination is this:

If a party is injured and has two courses under the law which he may pursue toward his redress, and elects to pursue one without ultimately obtaining satisfaction thereby, is he then barred from pursuing the other?

We have investigated this subject of the law and do not find that there is any case reported in Ohio directly in point. The text books would lead us to conclude that at common law one who made an election to pursue one of two remedies might be barred thereafter from also pursuing the other even though he failed of satisfaction. But the modern rule seems to be that there is no final election merely between remedies until the plaintiff receives satisfaction of a judgment against the defendant on one of them.

In the case at hand, plaintiff had a clear right under the substantive law to pursue either the master or the servant for redress of his injuries. The remedy against one was not inconsistent with the remedy against the other but plaintiff can recover only once for his injuries if he obtains judgment and satisfaction of the judgment against one. In law that would act as satisfaction of the claim or judgment against the other.

Counsel, in their effort to assist the court toward a proper adjudication of this case, have cited a number of authorities, none of which is directly in point. However, the case of **Schultz v Brumhauf Mfg. Co., 22 Oh Ap. 222** is the closest in analogy to the case at hand. In this Schultz case, it was held that a judgment which was uncollectible for personal injuries against a servant was not a bar to a subsequent action against the master who was liable for the servant's acts, the fact of employment not being known when the servant was sued.

In the case at hand, apparently the plaintiff did know of the servant's employment because in his petition he alleged it to be a fact. In reply to this contention plaintiff contends that by his answer defendant denied the employment of such alleged servant and asks the question, "How am I to know of the employment of the servant if defendant, himself, denies the employment?"

However, in our view of this case, we hold that plaintiff has two consistent substantive remedies which are not repugnant to each other and he may pursue each separately, that is, he may pursue the master and he may pursue the servant separately but can have only one satisfaction.

We hold that it does not change the situation because of the fact that he may have had knowledge of the servant's employment by the master.

The judgment of dismissal by the court below will therefore be reversed and the cause is remanded for further proceedings according to law.

Exceptions may be noted.

LEVINE PJ., LIEGHLEY J., concur in judgment.