**STATE, ex HERBERT, Atty. Genl., Plaintiff-Appellee, v.
SWORD, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1825.  Decided April 14, 1945.

Paul L. Birt, Dayton, Gus W. Byttner, Dayton, for defendant-appellant.

Thomas J. Herbert, Atty. Genl. of Ohio, Columbus, Robert E. Hall, Assistant Atty, Genl., Columbus, for plaintiff-appellee.

## OPINION

By MILLER, J.

This is an appeal on questions of law from the Court of Common Pleas of Montgomery County, sustaining a finding of the Industrial Commission of Ohio, allowing claimant a death award of $5,855.49.

The action was brought by the State of Ohio ex rel against Thomas B. Sword, to recover a judgment on the finding of the Commission for the injury and death of Virgil M. Clemens, who was killed while engaged in installing a new roof on the home of the defendant. The claim was filed with the Industrial Commission, which made a finding of facts and award against the defendant after a rehearing.

The Answer denies any liability on the part of the defendant for the reason that at the time of the injury and death complained of, the defendant was not amenable to §1456-60 GC and other sections of the Workmen's Compensation Act, as he did not have in his employ three or more workmen or operatives regularly in the same business under any contract of hire, express or implied, oral or written.

The defendant contends that the men engaged in this work were independent contractors and even should they be found to be employees, that he did not regularly employ three or more workmen or operatives in his business at the time of the death of Virgil M. Clemens.

The question in this case is covered by the following stipulation:

"It is stipulated by and between counsel that the only issue to be determined is whether or not on September 14, 1939, the defendant, Thomas B. Sword was amenable to the Workmen's Compensation laws by having three or more employees on said date."

The courts have generally held that the test of determining whether a person employed to do a certain work is an independent contractor or a mere servant, is the control over the work which is exercised by the employer. It is immaterial whether the employer actually exercises such control, but whether he has the right to such control. The Supreme Court in the case of **Industrial Commission v Laird, 126 Oh St 617,** said that:

"Syllabus 4: The vital test of determining whether a person is employed to do a certain job as an independent contractor or mere servant, is the right of control over the work by the employer."

The record discloses that on September 14, 1939, the date of the fatal accident to Virgil M. Clemens, Thomas B. Sword, defendant-appellant, was engaged in the business of selling and applying roofing and siding under the name of "The Service Roofing Company" and had been so engaged since 1936; that his business was quite extensive, is shown by the fact that he did business not only in Dayton and surrounding territory, but had done jobs in Ironton and Wilberforce, Ohio. On said date, the decedent was applying a new roof on the home of defendant-appellant, and Frank Spirk was assisting him in this work. The testimony shows that for this work they were being paid $1.00 per square, which was to be divided 60c. to Clemens and 40c. to Spirk.

The defendant had a salesman by the name of Charles E. Schaper, who was engaged in the selling of roofs and siding on a commission basis. He was at liberty to work as he pleased, which was usually only three or four days per week since he was in bad health. He had no defined territory, operated his own automobile and had paid all his own expenses. When the contract was procured by Schaper, the defendant examined the credit rating of the purchaser and if he approved it, the contract was accepted and Schaper was paid his commission.

The testimony discloses that the defendant had a list of five or six roofers who were apportioned the work at the stipulated rate of $1.00 per square. The defendant furnished ladders and other equipment for these workmen to use, as well as the transportation of the same by his own trucks. When the roof was being installed, the defendant called at the job at least once a day and sometimes twice. Just what he did on these visits is somewhat in dispute, but it is our conclusion that he did, as one of the witnesses said "inspect and supervise" the work. There is also a conflict as to who hired the helpers or assistants on the job. Some of them, Spirk and Jacobs, to be specific, said that the defendant hired them for the job, but in any event he had knowledge that they were performing this work. Jacobs was not working on the job with the decedent at the time of his death, but he had worked on several jobs with him a short time before his death. Whether or not he was working on another job on September 14, 1939,

is not clear, but he had completed several jobs not over a week prior to that date.

To be amenable to the Workmen's Compensation Act, it is necessary that the employee be a regular employee'and not just a casual one. The distinction between these two types seems to be in the nature of the work engaged in and not the length of time employed. In **State ex rel, Christen, 128 Oh St 61,** Judge Allen said:

"Under the weight of authority as it now exists, the test as to what constitutes casual employee, is not the length of the employment, but the nature of the employment."

The test seems to be whether the employment was in the usual course of the employer's business. If so, the employment is not held to be casual as defined in the Workmen's Compensation Act.

Frank Sword testified that he did some work for the defendant several weeks before the death of Clemens, all of which seems to show that more than three employees were necessary for the defendant to carry on his business.

It is our conclusion that the evidence discloses that from the nature of the defendant's business and the amount of which he was doing on or about the time of the injury, that three or more workmen were necessary to continue that business; that Virgil M. Clemens and Frank Spirk who were working on the job at the time of the injury and also Rolle Jacobs, who was working on or about the time of the injury were employees subject to the control of the defendant in the work they were performing, and therefore were not independent contractors.

The trial court found that Charles E. Schaper, the salesman, was also an employee as defined by §1465-61 GC. However, we are doubtful of the correctness of this finding, for it appears to us that the defendant retained no control over the method in which he did his work, and he was, therefore, an independent contractor. Since we have found that there were three employees, and that the defendant is amenable to the Workmen's Compensation Act, we shall not dwell longer on the status of Schaper.

The judgment of the Common Pleas Court will be affirmed.

HORNBECK, P. J., and GEIGER, J., concur.