STATE, Plaintiff-Appellee, v. GEPHART, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2088.   Decided April 1, 1950.

Hon. Herbert S. Duffy, Atty. Genl., Columbus, Pierce Wood, Special Asst. Atty. Genl., Dayton, for plaintiff-appellee.

Strother B. Jackson, Dayton, for defendant-appellant.

## OPINION

By MILLER, PJ.:

This is a law appeal from the judgment of the Court of Common Pleas sustaining an award made by the Industrial Commission of Ohio to one C. W. Houpt for personal injuries received in the course of his employment.

The errors assigned are that the judgment is contrary to law and against the weight of the evidence.

The only question presented is whether the defendant-appellant was the employer of three or more persons as defined by §1465-60 and §1465-61 GC.   The record discloses that the appellant was engaged in the trucking and coal business; that on the day of the injury two workmen were working for the defendant and had been steadily employed for a considerable length of time; that other workmen were occasionally employed in the regular course of the defendant's business, the only controversy being as to the extent of such employment. On this question there is substantial evidence in the record to the effect that several times each month, for at least a

year prior to the injury and continuing after the date of the injury, an additional workman was employed by the defendant in his business, this additional work being distributed among three or four persons. It consisted of unloading cars of coal, hauling the coal and assisting on the trucks. However, no such extra workmen had been so engaged for several weeks before the injury. Now, on these facts can the extra workmen be said as a matter of law to be regular and not casual employees as defined by §1465-61 GC?

In State, ex rel. v. Christen, 128 Oh St 56, at page 61 the Court said:

"Under the weight of authority as it now exists, the test as to what constitutes 'casual' employment is not the length of the employment, but the nature of the employment. * * * Under the general doctrine of these cases, the test is whether the employment was in the usual course of the employer's business. If so, the employment is held to be not 'casual.'"

In Morgan v. The Industrial Commission, 29 Abs 32, the Court held that where an employer hires two men regularly, and three more men if and when the employer has work for them to do the latter employment is not casual but regular within the meaning of the Workmen's Compensation Act.

It follows from these cases that if one of the several extra young men had been injured while working for the appellant he would have been entitled to compensation as a regular employee. If they would have been regular employees for the purposes of their own right to workmen's compensation they would also be regular employees for the purpose of Houpt's right. This claimant's right cannot be said to be dependent upon which particular day he was injured. If this were true, he would have been entitled only to compensation on those days when one or more of the extra men were working with him, but not on other days. This Court passed upon a similar question in State, ex rel. Clemens v. Sword, 43 Abs 345. In this case two weeks had elapsed between the time three employees actually worked and the date of the injury on which only two employees were working.

We find that the judgment is neither contrary to law nor against the weight of the evidence, and the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.