HANES, APPELLEE, *v.* TICATCH, D. B. A. OHIO WASTE MATERIALS, APPELLANT, ET AL.*

---

*Motion to certify the record overruled, May 8, 1957.

524

(No. 659—Decided January 17, 1957.)

Mr. *Edgar H. Hale* and Mr. *A. Miller Armstrong,* for appellee.

Messrs. *Miller, Searl & Fitch,* for appellant.

COLLIER, J. This action was instituted by the plaintiff, appellee herein, in the Common Pleas Court of Scioto County against the defendant, appellant herein, Meyer Ticatch, and the Industrial Commission of Ohio, as an appeal from the final order of the Industrial Commission, disallowing plaintiff's application for compensation for injuries sustained by the plaintiff in the course of his employment by the defendant Meyer Ticatch. The trial in the Common Pleas Court resulted in a verdict by the jury against both defendants. Both defendants filed a motion for a new trial, which motions were overruled and judgment entered on the verdict. The defendant Meyer Ticatch has perefected an appeal on questions of law to this court.

The petition filed by the plaintiff follows the usual pattern in an appeal of this kind and recites the different steps in the proceedings before the Industrial Commission. It is also alleged that the defendant Meyer Ticatch had in his employ three or more workmen under contract of hire regularly engaged in and about the junk business conducted by the defendant Meyer Ticatch in the city of New Boston, Ohio; that on March 30, 1951, the plaintiff was regularly employed by the defendant Meyer Ticatch and while so employed sustained injuries consisting of

second and third degree burns about his body; that the defendant Meyer Ticatch failed to comply with the provisions of the Workmen's Compensation Act by failing to pay premiums into the State Insurance Fund; that the plaintiff did not know whether the defendant Meyer Ticatch will be solvent or insolvent at the final determination of this cause and that in the event of the insolvency of said defendant Meyer Ticatch the Industrial Commission has an interest in this cause, in that payment of any award would be made from the surplus fund of the Industrial Commission; and that, for that reason, the Industrial Commission is made a party defendant herein.

In his answer to the petition, the defendant Meyer Ticatch specifically denies that in 1951 he had in his employ three or more workmen and denies that he was amenable to the Workmen's Compensation Law of the state of Ohio.

The assignments of error present these three questions of law to be determined in this appeal:

(1) Did the trial court err in overruling defendant Meyer Ticatch's motion for dismissal as a party defendant?

(2) Did the trial court err in overruling the defendant Meyer Ticatch's motion to require the plaintiff to elect whether to proceed in case number 40879, an action pending in the Common Pleas Court of Scioto County for damages in which the plaintiff herein was plaintiff and Meyer Ticatch was defendant, or to proceed in the present case, being number 41454?

(3) Is the evidence as disclosed by the record sufficient to establish the fact that the defendant Meyer Ticatch had in his employ on March 30, 1951, and prior thereto, three or more workmen regularly employed in his place of business?

Defendant Meyer Ticatch contends that in an action of this kind wherein an appeal is taken from a final order of the Industrial Commission, denying the claimant compensation for his injuries under the Workmen's Compensation Act, the noncomplying employer is not a proper party and that the Industrial Commission alone should be named the defendant. The procedure controlling such an appeal is specifically prescribed by statute, and the Supreme Court of Ohio, in a recent decision, *State, ex rel. Conner,* v. *Industrial Commission,* 155 Ohio St., 172, 98 N. E. (2d), 294, has interpreted these statutes, the first paragraph of the syllabus reading as follows:

"In an action in the Common Pleas Court brought by an employee against an employer, who has not complied with the Workmen's Compensation Act, to procure a determination of his right to compensation and benefits under that act, which action is brought pursuant to the provisions of Section 1465-90, General Code (120 Ohio Laws, 449), after denial of his claim by the Industrial Commission, the noncomplying employer is a necessary party defendant and the Industrial Commission is a proper but not a necessary party defendant."

This decision of the Supreme Court is decisive of the first question presented for determination in this appeal. It is expressly announced in that case that the employer is a necessary party defendant, and we do not consider it necessary to make any further comment on this question.

Before final disposition of the plaintiff's claim by the Industrial Commission, he filed a civil action against his employer, the defendant Meyer Ticatch, for damages in the Common Pleas Court of Scioto County. During the trial of the present case the defendant Meyer Ticatch made a motion to require the plaintiff to elect whether to proceed in the civil action for damages against his employer, being cause number 40879, or to proceed in the present case, being number 41454. This motion was overruled by the trial court, and it is urged by the defendant Meyer Ticatch that the court erred in so ruling on said motion; that the two causes of action are inconsistent and may not be concurrently prosecuted; and that, therefore, the motion to require an election between the two remedies should have been sustained.

Section 1465-73, General Code (Section 4123.77, Revised Code), authorizes a civil action for damages by an injured employee against an employer who has failed to comply with the provisions of the Workmen's Compensation Act; and Section 1465-74, General Code (Section 4123.75, Revised Code), provides that in lieu of proceeding against his employer by civil action in the courts, an injured employee may file his application with the Industrial Commission for compensation and the commission shall hear and determine such application as in other claims. This statute further provides for the collection from the employer of any award which may be made. The

Workmen's Compensation Act provides these two alternative remedies, and it has been held in *Industrial Commission* v. *Francis,* 19 Ohio Law Abs., 441, that these two remedies cannot be concurrently prosecuted.

In some jurisdictions the mere bringing of one of two inconsistent actions is a bar to the other. However, this rule does not prevail in Ohio. In *Frederickson* v. *Nye,* 110 Ohio St., 459, 144 N. E., 299, it is held:

"2. In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment."

See, also, 18 Ohio Jurisprudence (2d), 727, Section 22. In *Land* v. *Berzin,* 26 Ohio Law Abs., 703, it is held:

"2. The modern rule seems to be that there is no final election merely between remedies until the plaintiff receives satisfaction of a judgment against the defendant on one of them."

In *Geller* v. *Epstein,* 66 Ohio App., 354, 34 N. E. (2d), 66, it is held that receipt of an award under the Workmen's Compensation Act is an election of remedies and precludes the maintenance of an action for damages against an employer. In the instant case, at the time the motion was made to require an election between the two alternative remedies, the plaintiff had received no satisfaction and had not prosecuted either claim to final judgment. The law of Ohio applicable to the problem presented is stated in *Norwood* v. *McDonald,* 142 Ohio St., 299, 52 N. E. (2d), 67, as follows:

"10. Where a plaintiff obtains a judgment granting him one of two alternative or mutually exclusive remedies for the assertion of the same right or the same relief, he is precluded from thereafter maintaining an action based on the other remedy; but where a judgment is for the defendant in a suit based upon one of the two mutually exclusive remedies, the plaintiff is not precluded from thereafter maintaining an action based on the other remedy."

The plaintiff not having prosecuted either cause to final

judgment, under these authorities, the trial court was correct in overruling the motion to require an election as to which remedy the plaintiff would pursue.

The third question presented by the assignments of error, as to whether the evidence is sufficient to establish the fact that the defendant Meyer Ticatch had in his employ three or more regular workmen, requires an examination of the evidence. The plaintiff and his brother, Harold Hanes, testified that usually one and sometimes two men were employed in the regular course of the work but that about once each month a truck came from Columbus to haul away the waste products that had been collected by the defendant Meyer Ticatch and that on these occasions three and sometimes four men were required to load the truck, and that these extra men were not always the same persons and, as Harold Hanes stated:

"A. Well, he usually picked up somebody that happened to be around there. They come in there all the time, some of them and he would get them."

The same witness testified as follows:

"A. There would be three or four standing around there and they'd help."

"Q. Who would tell them to come around? A. Mike would tell them to help."

"Q. Were they paid for help? A. They wasn't paid. Just occasionally they'd help."

The defendant Meyer Ticatch denies that he ever had in his regular employ more than two men, and he presented his time book to support his testimony. The truck driver, Ralph Williams, testified that there were never more than two employees at any one time, who helped load the truck. Several residents in the immediate community of the junk yard say they never saw more than two workmen about Ticatch's place of business.

Under the provisions of Section 1465-60, General Code (Section 4123.01, Revised Code), the defendant Meyer Ticatch would not be amenable to the Workmen's Compensation Act unless he had in his employ three or more workmen regularly in the same business. Unless we include the extra men required to load the truck on its occasional visits, the evidence shows

that defendant Meyer Ticatch did not have in his regular employ more than two workmen. The decisions both in Ohio and in other jurisdictions hold that the test as to what constitutes "casual" employment as distinguished from "regular" employment is not the length of employment but the nature of the employment. If the employment is in the usual course of the employer's business it is not a "casual" but a "regular" employment. The leading case in Ohio on this question is *State, ex rel. Bettman, Atty. Genl.,* v. *Christen,* 128 Ohio St., '56, 190 N. E., 233. In *Morgan, a Minor,* v. *Industrial Commission,* 29 Ohio Law Abs., 32, it is held:

"Where an employer hires two men regularly, and three more men if and when the employer has work for them to do, the latter employment is not casual but regular within the meaning of the Workmen's Compensation Act."

In *State* v. *Gephart,* 60 Ohio Law Abs., 463, 101 N. E. (2d), 787, it is held:

"Where an employer hires two men regularly, and three more men if and when the employer has work for them to do the latter employment is not casual but regular within the meaning of the Workmen's Compensation Act, and it follows that if one of the several extra young men had been injured while working for the appellant he would have been entitled to compensation as a regular employee."

The facts in the *Gephart case* are quite similar to the factual situation in the present case. There the employer was engaged in the coal business and had two regular employees and occasionally employed an additional workman in his business, this additional work being distributed among three or four persons. No such extra workmen had been employed for several weeks before one of the regular workmen sustained the injury upon which the action was based. But in the instant case, were the extra men who assisted the two regular employees in loading the trucks "employees" as that term is defined by Section 4123.01, Revised Code? The evidence, as above quoted, is that they were not paid for their services. An "employee" is defined by said statute as follows:

"(2) Every person in the service of any person, firm, or private corporation * * * employing three or more workmen or

operatives regularly in the same business or in or about the same establishment *under any contract of hire,* express or implied, oral or written.'' (Emphasis added.)

We do not believe that the rule announced in the *Morgan* and *Gephart cases* applies to a situation where the employer has less than three regular employees, but occasionally asks a bystander to lend a hand, without wages or compensation; and, therefore, we must conclude that the evidence is not sufficient to establish the fact that defendant Meyer Ticatch employed three or more workmen in the regular course of his business, thus making him amenable to the Workmen's Compensation Act. We, therefore, find it necessary, for this reason alone, to reverse the judgment of the Common Pleas Court and render final judgment for the appellant.

*Judgment reversed.*

McCurdy, P. J., and Gillen, J., concur.

