OPINION
{¶ 1} Salvatore Leta appeals from the judgment of the Lake County Common Pleas Court, Domestic Relations Division, which overruled his objections to a magistrate's decision. We affirm.
 {¶ 2} Salvatore and Theresa Blakely-Leta were married May 9, 1992. Theresa filed for divorce January 9, 2001. The court ordered appellant to pay $833.33 a month toward the mortgage on the marital residence. The trial court referred the matter to a magistrate for hearing on the division of property. Following a hearing, the magistrate issued his findings of fact and conclusions of law. Relevant to this appeal, the magistrate's decision stated:
 {¶ 3} "The Magistrate finds it appropriate and equitable for the husband to contribute to the wife's attorney's fees in the amount of $8,000.00. While it is apparent that, although each side has some cash assets, wife has had to utilize those assets to provide the payments to Third Federal Savings. The $8,000.00 should therefore be credited to wife from part of the equity that is owed back to husband on the asset of the marital residence. Other than the above mentioned credit to wife for payment of her fees to attorney Cahill, each party shall pay his or her respective attorney fees free and clear of any reimbursement from the other."
 {¶ 4} The magistrate also apparently[1] made findings as to the balance on an equity line of credit and the amount of mortgage arrearages owed by appellant for payments he was to make on the marital residence.
 {¶ 5} Appellant filed objections to the magistrate's decision. The trial court overruled appellant's objections and adopted the magistrate's decision. Appellant appeals, raising three assignments of error:
 {¶ 6} "[1.] The Trial Court erred to the prejudice of Defendant-Appellant by denying Defendant-Appellant's Objections to the Magistrate's Decision and upholding the Magistrate's Decision to award Plaintiff-Appellee $8,000.00 as and for reimbursement of attorney fees expended in this case.
 {¶ 7} "[2.] The Trial Court erred to the prejudice of Defendant-Appellant by denying Defendant-Appellant's Objections to the Magistrate's Decision to charge Defendant-Appellant with $8,409.24 being one-half of the equity line of credit.
 {¶ 8} "[3.] The Trial Court erred to the prejudice of Defendant-Appellant by denying Defendant-Appellant's Objections to the Magistrate's Decision to hold Defendant Husband responsible for $11,533.28 of mortgage payments."
 {¶ 9} In his first assignment of error, appellant argues the trial court erred in awarding $8,000 in attorney fees to appellee, from appellant's equity in the marital residence, and then requiring appellant to pay the full amount of his arrearages on the mortgage payments (payments Theresa was forced to make.) In essence, appellant argues he is being charged twice for his failure to make the mortgage payments.
 {¶ 10} Former R.C. 3105.18(H) provided:
 {¶ 11} "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 12} We review a trial court's decision to award attorney fees only for an abuse of discretion. Kalia v. Kalia, 151 Ohio App.3d 145,2002-Ohio-7160, ¶ 50, quoting Frederick v. Frederick (Mar. 31, 2000), 11th Dist. No. 98-P-0071, 2000 WL 522170, at 25.
 {¶ 13} In adopting the magistrate's decision the trial court found appellant's failure to pay his portion of the mortgage caused the lender to initiate foreclosure proceedings. This, in turn caused Theresa to expend monies, not only to pay appellant's share of the mortgage, but also to pay additional attorney fees.
 {¶ 14} We agree with the trial court's analysis. Appellant is not being charged twice for his arrearages on the mortgage. He is being charged once for the arrearages and once for the additional fees Theresa was required to expend because of the foreclosure action and his failure to pay the mortgage. Thus, we cannot say the lower court abused its discretion in awarding attorney fees.
 {¶ 15} Appellant's first assignment of error is without merit.
 {¶ 16} In his second and third assignments of error, appellant challenges various factual determinations made by the trial court. However, as the trial court noted in overruling these objections, appellant failed to file a transcript of the magistrate's hearing as required by Civ.R. 53(E)(3)(c).
 {¶ 17} "[I]f the complaining party does not submit a transcript or affidavit with their objections to the magistrate's decision to the trial court * * * then that party is precluded from arguing the factual determination on appeal and waives any claim that the trial court erred in adopting the magistrate's factual finding." Yates v. Mason Master,Inc., 11th Dist. No. 2002-L-001, 2002-Ohio-6697, ¶ 10, citing, Pawlowskiv. Pawlowski (Aug. 22, 1997), 11th Dist. No. 96-L-144, 1997 WL 585963, at 1-2.
 {¶ 18} Thus, appellant has waived the issues raised in his second and third assignments of error.
 {¶ 19} For the foregoing reasons, appellant's assignments of error are without merit, and the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
Ford, P.J., O'Toole, J., concur.
[1] We use the term "apparently" because appellant mentions these findings in his brief, and bases his second and third assignments of error on them, but fails to cite to the record as required by App.R. 16(A)(7).