OPINION
{¶ 1} Appellant, Patricia A. Welch, appeals the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, dismissing her motion to impose sentence on appellee, Lynn L. Welch, based upon an October 1, 2004 contempt order and denying her motion for attorney's fees. For the reasons that follow, we reverse and remand the matter for further proceedings.
 {¶ 2} On March 30, 1999, the parties were granted a legal separation. This judgment entry included a property settlement, which provided:
 {¶ 3} "* * * in order to equalize the property division, Husband will grant to Wife a mortgage on the industrial lots of Miscellaneous Barn, and execute a promissory not in the sum or Two Hundred Four Thousand 00/100 ($204,000.00) Dollars which he shall pay at the rate of One Thousand 00/100 ($1,000.00) Dollars per month commencing January 1, 1999. The balance on this mortgage shall be paid in full, without prepayment penalty, on or before January 1, 2004. The unpaid balance shall be payable with simple interest at the rate of 10% per annum. * * *"[1]
 {¶ 4} The parties were legally separated by decree on March 30, 1999. The mortgage note which had been executed on December 31, 1998 was memorialized by the court in the separation decree.
 {¶ 5} Evidently, appellant paid $1000 per month beginning on January 1, 1999 through December 2003. In late December 2003, appellant remitted a balloon payment of $144,000 to appellee which appellant believed satisfied the remaining balance on the mortgage. However, on January 29, 2004, appellee moved the trial court to hold appellant in contempt for failure to pay the property settlement in full. While appellant had paid $204,000 total, this amount did not reflect the 10% per annum interest appellant was obligated to pay by virtue of the signed mortgage note the terms of which were incorporated into the final separation decree. A trial was held on August 30, 2004 and appellant was found in contempt by a judgment entry filed on October 1, 2004 and sentenced to fifteen days in the Lake County Jail, which was suspended based upon his compliance with a purge order mandating full payment by April 15, 2005.
 {¶ 6} In its judgment entry, the trial court determined that the property settlement required appellant to pay interest and calculated the arrearages that remained. Appellant filed a notice of appeal from this order which this court dismissed for lack of a final appealable order.[2]
 {¶ 7} In a separate matter, appellant filed a complaint in foreclosure on January 10, 2005 in the General Division of the Lake County Court of Common Pleas. The foreclosure action was based on the same mortgage and note at the heart of the contempt proceeding.[3]
 {¶ 8} As of June 30, 2005, appellant alleged appellee had still failed to purge himself of the contempt order and thus she moved the domestic court to impose the suspended sentence. The record reflects the trial judge was made aware of the foreclosure proceeding on November 28, 2005, the trial date for appellant's motion to impose sentence. The trial court subsequently ordered counsel for both parties to file bench briefs on whether the doctrine of election of remedies affected appellant's ability to proceed on the motion to impose. On February 23, 2006, after considering the briefs, the trial court dismissed appellant's motion to impose, determining the use of simultaneous legal proceedings to enforce the same debt was inequitable and inappropriate.[4]
 {¶ 9} On March 8, 2006, the trial court filed a supplemental judgment entry denying appellant's motion for attorney's fees pursuant to R.C.3105.73. Appellant now appeals and asserts the following two assignments of error:
 {¶ 10} "[1.] The trial court erred when it dismissed the appellant's motion to impose sentence based on the theory of election of remedies.
 {¶ 11} "[2.] The trial court erred in denying the motion for attorney fees on the basis that the appellant did not prevail on her motion to impose sentence in the contempt action against the appellee and in failing to have a hearing on said motion."
 {¶ 12} Under her first assignment of error, appellant argues the trial court erred in applying the doctrine of election of remedies to dismiss her motion to impose the suspended sentence on the contempt order because this motion and her complaint for foreclosure are premised upon consistent theories of relief premised upon independent wrongs.
 {¶ 13} The doctrine of election of remedies involves choosing between two or more different and co-existing modes of procedure and relief permitted by law on the same facts. 1 Ohio Jur. 3d, Actions, Section 36. It is a choice made with knowledge between two inconsistent substantive rights, either of which may be utilized at the discretion of the party, who cannot, however, employ both. Frederickson v. Nye (1924),110 Ohio St. 459, 466. The doctrine is inapplicable, though, where the available remedies are concurrent, or cumulative and consistent. Riad v. Riad
(Oct. 9, 1986), 2d Dist. Nos. CA 9589 and CA 9732, 1986 Ohio App. LEXIS 8701, *15. Where the remedies are neither inconsistent nor repugnant, a party may pursue each separately until she receives satisfaction of a judgment on one of them. Id, citing, Land v. Berzin (1938), 26 Ohio Law Abs. 703.
 {¶ 14} Here, appellee was held in contempt on October 1, 2004 for failure to pay appellant, in full, the $204,000 property settlement secured by a mortgage and note and incorporated into the property settlement set forth in the trial court's March 30, 1999 "Final Judgment Entry For Legal Separation." Appellant was sentenced to fifteen days in the Lake County Jail but was given until April 15, 2005 to purge the contempt order. Meanwhile, on January 10, 2005, appellant filed a complaint in foreclosure against appellee, et al., in the Lake County Court of Common Pleas General Division. The complaint was premised upon the same mortgage note which was the subject of the contempt proceeding. On June 30, 2005, during the pendency of the foreclosure proceedings, appellant moved the domestic court to impose sentence on the contempt order for appellee's failure to fulfill his obligation under the note. The domestic court overruled appellant's motion based upon considerations of equity in conjunction with the doctrine of election of remedies. The trial court observed:
 {¶ 15} "This Judge agrees with Wife's position in her brief that the same financial obligation can be enforced in more than one Court. However, it is Wife's timing of the filing of her enforcement actions which this Judge finds inequitable."
{¶ l6} While not altogether clear, it appears from the general tenor of its judgment entry that the trial court was troubled by appellant's election to utilize simultaneous legal proceedings in different courts for enforcement of the same debt. However, we do not see how such maneuverings are an affront to equity: If appellant's assertions regarding appellee's delinquency are accurate, the simultaneity of legal proceedings seeking the same remedy may resolve the issue with greater celerity. In this respect, equity would be served through compliance with original property settlement (which was premised upon an equitable distribution of assets).
 {¶ 17} Moreover, although we find no case precisely on point, we do not believe appellant's procedure violated the doctrine of election of remedies. Specifically, appellant was seeking the same remedy through her motion to impose and her complaint in foreclosure. Appellant's use of two separate legal proceedings does not imply the actions are inconsistent. In fact, the two proceedings are merely alternate means to obtain the relief to which appellant believes she is entitled under the March 30, 1999 property settlement.
 {¶ 18} Moreover, appellant's use of the two proceedings at issue will not invoke the pernicious specter of double recovery. Once the debt is satisfied, either by purge or foreclosure, the alternative coexisting action will no longer have a substantive legal foundation and will be either dissolved or dismissed as moot.
{¶ l9} "The doctrine of election of remedies does not apply if the available remedies are consistent and concurrent or cumulative. If the remedies are alternative and concurrent, there is no bar until satisfaction has been obtained." 25 Am. Jur. 2d, Election of Remedies, Section 21. Moreover, in Frederickson supra, the Supreme Court of Ohio observed:
 {¶ 20} "An election of remedies or forms of action or procedure does not necessarily involve a choice as between two existing substantive rights. A form of action or remedy is but a means of administering justice rather than an end in itself. There is, therefore, a marked distinction between an election between remedies or forms of action and an election of remedial rights. One goes to the substance and the other to the form. Where the remedies afforded are inconsistent, it is the election of one that bars the other; where they are consistent, it is the satisfaction which operates as a bar. It is the inconsistency of the demands that makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different." Id. at 466.
 {¶ 21} Under the circumstances, appellant elected to employ two alternate, concurrent, yet consistent, means of enforcing her remedial rights. Whether they were pursued simultaneously or consecutively, appellant was entitled to move forward with either proceeding until the alleged arrearage was satisfied. For these reasons, we hold appellant's first assignment of error has merit.
 {¶ 22} Under her second assignment of error, appellant argues the trial court erred in failing to award her reasonable attorney's fees.
 {¶ 23} An appellate court reviews the award or denial of attorney's fees for an abuse of discretion. Blakeley-Leta v. Leta, 11th Dist. No. 2004-L-141, 2005-Ohio-5391, at ¶ 12.
 {¶ 24} Appellant maintains R.C. 3105.73, the statute authorizing the award of attorney's fees and litigation expenses in certain domestic relations actions, does not preclude the award of attorney's fees if a litigant is unsuccessful in pursuing their cause in court. Secondarily, appellant asserts the trial court should have, at the very least, conducted a hearing concerning the incomes of the parties in order to determine whether equity supported the award of attorney's fees.
 {¶ 25} R.C. 3105.73 provides, in relevant part:
 {¶ 26} "* * *
 {¶ 27} "(B) In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." (Emphasis added).
 {¶ 28} The instant matter clearly arises out of an action for divorce and thus R.C. 3105.73(B) is applicable. Moreover, appellant is correct that the statute does not expressly prohibit an award of attorney's fees in an unsuccessful party's favor. Because appellant's first assignment of error has merit, she is entitled to pursue either remedy until the debt is satisfied. As of the release of this opinion, therefore, appellant was not unsuccessful in her strategy to satisfy the remaining debt. Because we hold the trial court either misapplied the law as it pertained to the doctrine of election of remedies or failed to properly analyze the facts under its consideration, we believe the issue of attorney's fees must be remanded and reassessed in light of our holding today. Thus, we hold appellant's second assignment of error also has merit.
 {¶ 29} For the reasons set forth above, appellant's two assignments of error are sustained. Thus, the judgment entry of the Lake County Court of Common Pleas, Division of Domestic Relations is therefore reversed and the matter is remanded for proceedings consistent with this opinion.
COLLEEN MARY OTOOLE, J., concurs in judgment only,
DIANE V. GRENDELL, J., dissents with Dissenting Opinion.
[1] "Miscellaneous Barn" is a business owned by appellee selling furniture, antiques, and the like.
[2] In Welch v. Welch, 11th Dist. No. 2004-L-178, 2005-Ohio-560, this court dismissed appellant's appeal from the domestic court's order of contempt. In so doing, we observed an order of contempt consists of the finding of contempt and the imposition of a sanction. Because the trial court had not imposed its sanction (owing to the purge provision), the second element of contempt was not met. Hence, the order was neither final nor appealable. Id. at ¶ 5.
[3] The record reveals that on August 18, 2005, a decree of foreclosure was journalized. An order of sale was filed on August 29, 2005. Appellee filed a notice of appeal from this judgment and was granted a motion to stay the foreclosure on December 9, 2005. The Sheriff's sale was stayed pending that appeal.
[4] The trial court's judgment entry does not explicitly state appellant's use of two concurrent legal proceedings to satisfy the debt violated the doctrine of election of remedies. However, the general discussion set forth in the body of the judgment suggests the trial court tacitly based its decision, in part, on its belief that appellant's strategy violated the doctrine.