ROSA, DEMANDANTE Y APELADO, *v.* NEW YORK AND PORTO RICO STEAMSHIP COMPANY, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre indemnización por daños personales ocasionados por negligencia.

No. 1013.—Resuelto en mayo 22, 1914.

RESPONSABILIDAD DE PATRONOS—ACCIÓN DE DAÑOS Y PERJUICIOS—ALEGACIONES ESENCIALES DE LA DEMANDA.—Una demanda de daños y perjuicios fundada en el No. 1 de la sección 1 de la Ley sobre responsabilidad de patronos de marzo 1, 1901, debe contener las siguientes alegaciones esenciales: 1. Que entre el demandante y el demandado existe la relación de patrono y empleado. 2. Que cuando el empleado recibió el daño estaba trabajando dentro del círculo de su ocupación. 3. Que el empleado actuaba con debido celo y diligencia. 4. Que la causa directa del accidente fué un defecto en el estado de las vías de comunicación, o en el de las obras o máquinas usadas en la empresa del patrono. 5. Que el defecto fué originado, o no descubierto, o no remediado por la negligencia del patrono o de cualquier persona a su servicio a quien el patrono hubiere encomendado el deber de hacer que las vías, obras y máquinas estuviesen en buen estado. Examinada la demanda en el presente caso *se resolvió* que no aducía una causa de acción por haberse omitido la alegación expresada bajo el número cinco anteriormente.

ID.—DEFECTO CAUSANTE DEL ACCIDENTE IMPUTABLE A LA NEGLIGENCIA DEL PATRONO.—La alegación en una demanda de que la causa inmediata del accidente fué debida al mal estado o inseguridad de los cuarteles y galeotas de las bodegas en que trabajaba el demandante, que estaban gastadas debido al mucho y constante uso que tenían, no subsana la omisión en la demanda de la alegación de que el defecto fué originado, o no descubierto, o no remediado por la negligencia del patrono o de cualquier persona a su servicio a quien incumbiera mantener los cuarteles y galeotas en buen estado.

Los hechos están expresados en la opinión.

Abogado del apelado: Sr. *Luis Janer Landrón.*

Abogado de la apelante: *Sr. N. B. K. Pettingill.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La presente es una acción fundada en la Ley relativa a la Responsabilidad de los Patronos por accidentes que en sus servicios sufran sus empleados, aprobada en marzo 1, 1901, y enmendada por la No. 69 de 13 de marzo de 1913, y fué entablada ante la Corte de Distrito del Distrito Judicial de Mayagüez en 15 de abril de 1913 por Augusto Rosa contra la New York and Porto Rico Steamship Company, con el fin de obtener una sentencia por la que se condene a la demandada a pagar al demandante por vía de indemnización, la suma de $1,000 e intereses de esa cantidad a partir del 27 de junio de 1912, al 6 por ciento anual, con más las costas y honorarios de abogado.

Los hechos fundamentales de la demanda son los siguientes:

*Primero.* Que el día 27 de mayo de 1912, la demandada era una corporación naviera, debidamente organizada y autorizada para hacer negocios en esta Isla, y que el demandante en dicha fecha era empleado de la mencionada compañía.

*Segundo.* Que estando el demandante en la fecha expresada, trabajando a bordo del vapor *Pathfinder* de la demandada que entonces estaba surto en el puerto de Mayagüez haciendo operaciones de carga y de descarga, mientras cerraba la boca de escotilla de la bodega No. 3 de dicho vapor, se zafó el cuartel sobre el que trabajaba el demandante con todo el cuidado y diligencia del caso, cayendo con el cuartel al fondo de la bodega No. 3 (5 metros de profundidad poco más o menos), y recibiendo a consecuencia de la caída fuertes lesiones corporales en las regiones toráxica y lumbar, además de una contusión en la pierna izquierda.

*Tercero.* Que como resultado de las lesiones recibidas estuvo el demandante guardando cama por espacio de unos 20 días sufriendo fuertes y agudos dolores, habiendo estado

además unos cinco meses impedido en absoluto de trabajar, y sin ganar un centavo para el sostenimiento de su familia.

*Cuarto*. Que en el hecho determinante de las lesiones no medió negligencia alguna por parte del demandante, sino que fué causado por el mal estado o inseguridad de los cuarteles y galeota de la bodega en que trabajaba, gastados por el mucho y constante uso que tenían.

*Quinto*. Que todavía el demandante se encontraba resentido de las lesiones recibidas, sin que pudiera dedicar todas sus fuerzas y energías al trabajo, lo que había de durar mucho tiempo, calculando en unos $1,000 los perjuicios sufridos.

La compañía demandada al contestar la demanda admitió la alegación primera y también la segunda menos en la parte relativa a que el demandante trabajara al ocurrir el accidente con todo el cuidado y diligencia del caso. Negó las alegaciones tercera, cuarta y quinta. Y como defensas especiales alegó que el accidente descrito ocurrió por la negligencia y falta de cuidado del mismo demandante, que fué uno de los riesgos del empleo que el demandante asumió, y que éste conocía antes del accidente la condición de los cuarteles y galeotas de la bodega. El demandado concluye por alegar que la demanda no aduce hechos suficientes para determinar una causa de acción.

Las partes, por estipulación de 19 de mayo de 1913, sometieron el caso a la decisión de la corte por las mismas pruebas que se practicaron en otro juicio celebrado en 6 de diciembre de 1912, entre las mismas partes, y por la misma acción, cuyo juicio había terminado por sentencia en que dicha corte declaró carecer de jurisdicción porque sólo se reclamaba la suma de $500, y reservó al demandante cualquier derecho que pudiera asistirle para ejercitarlo en debida forma, derecho que ejercitó en el presente juicio, en el que reclama como indemnización la suma de $1,000.

La corte, de acuerdo con dicha estipulación, y tomando por base la evidencia presentada en el anterior juicio celebrado el día 6 de diciembre de 1912, según aparecía de los autos y

récord taquigráfico correspondientes, dictó sentencia en 31 de mayo del año próximo pasado, por la que declara que la ley y los hechos están en este caso a favor del demandante y en contra de la demandada, y en consecuencia, condena a la demandada New York & Porto Rico Steamship Company a pagar al demandante Augusto Rosa, como indemnización de los daños sufridos, la suma de $400 con intereses legales desde la interposición de la demanda en el presente caso, sin especial condenación de costas.

Esa sentencia ha sido apelada para ante esta Corte Suprema por la representación de la parte demandada, y entre otros motivos que alega para sostener el recurso, invoca el de que la corte cometió error al sostener que la demanda, tal como quedó finalmente enmendada, aducía hechos suficientes para constituir una causa de acción.

Examinemos dicho error a la luz de la Ley sobre Responsabilidad de Patronos.

La responsabilidad que el demandante trata de exigir a la compañía demandada, fúndase abiertamente en el número primero de la sección 1ª. de la Ley sobre Responsabilidad de Patronos, de 1 de marzo de 1901, y no en los números segundo y tercero, pues éstos se refieren a daño por accidentes derivados de negligencia de cualquier persona al servicio del patrono, y el número primero al "daño recibido por cualquier defecto en el estado de vías de comunicación o en el de las obras o máquinas que se usen en relación con la empresa del patrono o en ella misma, si el *daño* fuere originado o no descubierto, o no remediado, por la negligencia del patrono o de cualquier persona a su servicio, a quien éste hubiese confiado el deber de hacer que dichas vías, obras o máquinas estuviesen en buen estado."

Es de notar que la palabra "daño" que dejamos subrayada debe ser sustituída por la de "defecto" por exigirlo así la traducción correcta del texto inglés.

Con arreglo al número primero de la sección primera de la Ley sobre Responsabilidad de Patronos, las alegaciones

esenciales de una demanda fundadas en dicho número primero, son las siguientes: *Primero*. Que entre el demandante y el demandado existía la relación de patrono y empleado. *Segundo*. Que cuando el empleado recibió el daño estaba trabajando dentro del círculo de su ocupación. *Tercero*. Que el empleado actuaba con debido celo y diligencia. *Cuarto*. Que la causa directa del accidente fué un defecto en el estado de las vías de comunicación, o en el de las obras o máquinas usadas en la empresa del patrono. *Quinto*. Que el defecto fué originado, o no descubierto, o no remediado, por la negligencia del patrono o de cualquier persona a su servicio, a quien el patrono hubiere encomendado el deber de hacer que las vias, obras o máquinas estuviesen en buen estado.

En el caso de *Márquez* v. *New York and Porto Rico Steamship Company,* 17 D. P. R., 546, este tribunal dijo:

"Las alegaciones contenidas en la demanda, demuestran que la relación de amo y sirviente, o patrono y empleado, existía entre las partes, y se alega en dicha demanda, que el demandante, en el momento de ocurrir el accidente, procedía con el debido celo y diligencia; pero no se alega negligencia alguna por parte de la demandada que corresponda a alguna de las disposiciones de cualquiera de las tres subdivisiones del artículo 322 de la Ley Insular. Las subdivisiones dos y tres tratan de la negligencia por parte de los agentes del demandado. No se ha hecho en la demanda mención ni referencia a agente alguno; de modo que la subdivisión que debe aplicarse es la marcada con el número uno (1) Esta se refiere a defectos en el estado de vías de comunicación o en el de las obras o máquinas que se usen en relación con la empresa del patrono, o en ella misma. Declarando que la compuerta de una escotilla, por ser uno de los aparatos necesarios que se emplean en la empresa de la compañía demandada, está comprendida en la descripción hecha en la ley, bajo el nombre de maquinaria, debe observarse que la ley está ulteriormente limitada en sus términos por las palabras que siguen a las anteriormente transcritas, a saber: 'Y el daño fuera originado, o no descubierto, o no remediado, por la negligencia del patrono, o de cualquier persona,' etc. Puesto que no existe alegación alguna por la que se pretenda exponer quién es la persona por cuya negligencia este estado o colocación defectuosa de los tablones de la compuerta de la escotilla 'fué originado o no descubierto o no remediado' debe

entenderse que la demanda por esta circunstancia deja de exponer un caso que esté comprendido 'dentro de la Ley de Puerto Rico, relativa a la responsabilidad de los patronos.' ''

Relacionando, pues, las alegaciones de la demanda, con la ley aplicable al caso y la doctrina establecida en el caso de *Márquez* v. *New York and Porto Rico Steamship Company,* tenemos que llegar a la conclusión de que la demanda alega todos lòs hechos esenciales exigidos en casos de esta naturaleza, menos el relativo a que el defecto fuera originado, o no descubierto, o no remediado, por la negligencia del patrono o de cualquiera persona a su servicio, a quien se le hubiese confiado el deber de hacer que los cuarteles y galeotas de la·bodega en que trabajaba el demandante estuvieran en buen estado.

Por falta de semejante alegación, los hechos expuestos en la demanda no determinan una causa de acción.

Y esa alegación es importantísima, pues como dice el comentarista Labatt en su obra Master and Servant, Tomo V, página 5176, párrafo 1677: ''La declaración respectiva de la ley por la cual exime de responsabilidad a menos que pueda afirmarse que existe negligencia fundada en la omisión de descubrir y remediar el defecto que ha causado la lesión, no es más que una reproducción en lo que respecta al patrono, del principio establecido en el derecho consuetudinario de que no cabe imputar negligencia a una persona cuando no se ha demostrado que ha tenido conocimiento real o presunto del estado peligroso anormal que ha ocasionado el daño  *  *  *. El empleado no puede prosperar en su acción cuando ni el patrono ni su representante dentro de la significación de la ley, tenía conocimiento real o presunto de la existencia del defecto que causó el daño, ni cuando no existía razon para prever el accidente ocurrido. Sin embargo el empleado tiene derecho a una indemnización si el patrono o el empleado  *  *  *  hubieran podido descubrir el defecto ejercitando el debido cuidado.''

La alegación de que la causa inmediata del accidente

fué debida al mal estado e inseguridad de los cuarteles y galeotas de la bodega en que trabajaba el demandante, los que estaban gastados debido al mucho y constante uso que tenían, no puede llevarnos por sí sola a la deducción de que el defecto fué originado, o no descubierto, o no remediado, por la negligencia del patrono o de cualquier persona a su servicio, a quien incumbiera mantener los cuarteles y galeotas en buen estado.

Pero es que, aún examinando las pruebas practicadas en el juicio, tampoco podemos llegar a la conclusión de que se haya subsanado mediante ellas la omisión de que adolece la demanda, justificándose que el defecto fué originado, o no descubierto, o no remediado por negligencia de la compañía demandada o de la persona encargada de ese servicio.

La corte inferior declara probados los siguientes hechos:

"Que el día 27 de mayo 1912, como a las tres de la tarde, el demandante Augusto Rosa se encontraba trabajando como empleado asalariado de la compañía demandada en el vapor Pathfinder perteneciente a dicha demandada, que estaba surto en el puerto de Mayagüez haciendo operaciones de descarga. Que al demandante, como tal empleado, entonces y allí se le ordenó, a causa de una lluvia que caía, que tapara la boca de la escotilla de la bodega número tres de dicho barco. Que el demandante Augusto Rosa, cumpliendo las órdenes recibidas, empezó su trabajo y colocó los cuarteles o tablones correspondientes a la boca de escotilla marcada número uno, que después colocó el cuartel número dos y que al colocar el único cuartel que le faltaba, o sea, el número tres, se paró el demandante sobre el cuartel número dos, cerca del extremo que encaja en la galeota central, sobre la cual se epoyan dichos cuarteles; y que estando parado en dicho sitio y sobre el cuartel número dos, al inclinar su cuerpo hacia adelante para coger el extremo del cuartel número tres y colocarlo en su sitio, sintió el demandante un ruido como crujido de madera, se rodó el cuartel sobre el cual estaba parado y al momento se hundió el demandante, yendo a parar al fondo de la bodega del barco, en donde recibió ciertos golpes en el muslo derecho y región renal del mismo lado, que le ocasionaron derrame de sangre por la orina, lo que demostraba una lesión que efectó al riñón, que le produjo lumbago y cojera por algún tiempo; de cuyas lesiones fué asis-

tido por el Dr. Perea Fajardo, quien le recomendó estar próximamente tres meses sin trabajar, para reponerse de las lesiones sufridas.

"Que el demandante ganaba en su trabajo y para su subsistencia, una suma de diez y seis centavos por cada hora de trabajo igual al que hacía entonces en el vapor Pathfinder de la demandada.

"Que el demandante Augusto Rosa está habituado a ese trabajo de tapar las bocas de escotilla de la bodega y que lo había hecho como unas sesenta veces antes, sin que nunca le hubiese ocurrido ningún percance.    Que el demandante Augusto Rosa, para colocar el cuartel numero tres sobre la boca de escotilla, tenía necesariamente que pararse en el sitio donde se paró, o sea sobre el cuartel número dos. Que los cuarteles o tablones que se utilizaban para tapar la boca de escotilla, eran de bastante uso y que la galeota en donde debía descansar el cuartel número tres, se movía.

"Que el demandante Augusto Rosa sufrió una lesión fuerte que le hizo perder el conocimiento en los primeros momentos y que posteriormente le ha ocasionado sufrimientos físicos y pérdida de trabajo retribuído.

"Que el demandante Augusto Rosa ejercitó en su trabajo el debido celo y diligencia y que hizo el trabajo que se le ordenó, en la forma ordinaria, acostumbrada y en las únicas condiciones y forma en que podía hacerse dicho trabajo."

Admitiendo como base para la aplicación del derecho las conclusiones de hecho que establece el juez en su opinión, no podemos deducir necesariamente que el mal estado de los cuarteles y galeotas de la bodega en que trabajaba el demandante surgió o no fué descubierto o remediado por la negligencia del patrono o del empleado correspondiente.  Los hechos de que los tablones de la cubierta de la escotilla fueran de bastante uso, y de que las galeotas se movieran, no son bastantes por sí solos para mostrar la negligencia exigida por la ley.  La información ha debido ser más amplia y tendente a demostrar que la compañía demandada tuvo conocimiento real o presunto del defecto que causó el accidente.  Ni siquiera se ha tratado de investigar si la compañía tenía o nó algún empleado encargado de la inspección de los cuarteles y galeotas de las bodegas.

Por las razones expuestas entendemos que procede la revo-

cación de la sentencia apelada y ordenarse la celebración de un nuevo juicio permitiéndose a la demandante enmendar su demanda con las alegaciones necesarias para determinar una causa de acción contra la demandada.

> *Revocada la sentencia apelada ordenándose la*
> *celebración de un nuevo juicio y permitien-*
> *dose al demandante enmendar su demanda.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.