TOMEI, DEMANDANTE Y APELANTE, *v.* ARKADIA SUGAR COMPANY, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre daños y perjuicios.

No. 1465.—Resuelto en julio 20, 1916.

RESPONSABILIDAD DE PATRONOS—DAÑOS Y PERJUICIOS—NEGLIGENCIA DEL PATRONO.—En demandas por daños y perjuicios basados en la Ley sobre Responsabilidad de Patronos, es necesario alegar específicamente la negligencia del patrono cuando no se deduce de nada de lo que en la misma se refiere. Antes de que pueda inferirse la negligencia del patrono debe demostrarse que debido a la relación establecida entre el patrono y el empleado se originó algún deber con el que dejó de cumplir el patrono. Ese es un deber que es más o menos común al negocio o industria y que un patrono regularmente prudente o sus agentes responsables deben cumplir.

ID.—DEFECTO CAUSAL DEL ACCIDENTE—MAQUINARIAS DEFECTUOSAS—SITIO DEL ACCIDENTE.—En este caso el único defecto que se alega en la demanda como causa del accidente es la falta de protección al demandante contra ciertas maquinarias al descubierto, sin escaleras, andamios, barreras, crucetas o protectores que hicieran no peligroso el paso por ese lugar. No se hizo constar si las maquinarias eran defectuosas ni que había el deber de remediar el supuesto defecto. Tampoco podía demostrarse la situación física del sitio en que ocurrió el accidente. *Se resolvió:* que dicha demanda no aduce hechos suficientes para determinar una causa de acción y que es vaga e ininteligible.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *Francisco González* y *C. Domínguez Rubio.*

La apelada no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La demanda en este caso es tan vaga e ininteligible, que no hemos podido formarnos una idea clara de la situación física del sitio en que sucedió el accidente. La demanda es como sigue:

"1. Que el demandante es mayor de edad, vecino actualmente del municipio de Arroyo, de profesión químico azucarero, y la demandada una corporación establecida en la isla de Vieques, representada por su presidente Don Ramón Aboy, que es mayor de edad, propietario y vecino de Humacao.

"2. Que el día 20 de marzo de 1915, el demandante era empleado de la demandada y se encontraba trabajando en la factoría, a virtud de un contrato de servicios, por los cuales recibía 1,500 dólares como sueldo anual durante el cosecho, una gratificación de 1,000 dólares si el rendimiento del azúcar llegaba a 11 y medio por ciento de azúcar de 96 grados de polarización y si pasaba de 11 y tres cuartos 2,000 dólares.

"3. Que entre los deberes del demandante estaba el de vigilar el azúcar que había en las cristalizadoras de dicha central para ordenar el derrame de una cantidad de melao en las mismas en cierta ocasión especial. Estas cristalizadoras que son 9, se mueven impulsadas por un motor que mueve un eje común a todas: una rueda dentada que cada una tiene hace mover un tornillo sin fin en su parte exterior a dicha cristalizadora y que sirve de eje a cada una de éstas para mover las aspas de las mismas. Al girar el eje pone en movimiento todos estos aparatos que mantienen en movimiento el azúcar que se encuentra dentro de cada cristalizadora.

"4. Estando el demandante en el ejercicio de sus funciones atendiendo estas cristalizadoras a las 9 de la noche del día antes citado, en que la luz que alumbraba a dicha factoría era deficiente, al tratar dicho demandante de ver la cristalizadora número 4, que estaba cargada con dos templas de azúcar, subió a ella por el único sitio de subida donde no hay escalera y teniendo que descansar su pie en el plato del tornillo sin fin de que antes hicimos mención; en este sitio no existe nada que pueda proteger de una caída, resbalón o accidente parecido. Dicho demandante miró hacia adentro de la referida cristalizadora para ver en qué tiempo necesitaba el melao y fué cogido por el eje común que fué enrollando sus ropas hasta llegar al bajo brazo; en este estado comenzó a comprimir el cuerpo de éste a manera de tortolo, estrechando más y más, y apretando la caja torácica del demandante, que llamó en auxilio, no pudiendo con sus manos pro-

tegerse, pues nada hay que pare el motor y nadie lo atendía.   Así permaneció dicho demandante dentro del mayor sufrimiento posible, gritó y sólo se dió cuenta del estado en que se encontraba 4 o 5 horas después del accidente cuando estaba en su cama y le asistía un facultativo.

"5. El demandante alega que al subir a ver la cristalizadora lo hizo con todo el celo, cuidado y precaución posible, habida cuenta que no existen escaleras en este sitio, ni lugares donde poder afirmarse los que tal labor realizan, ni sitio alguno de seguridad.   El motor no puede ser parado a menos que alguna persona se acerque y así lo haga y no hay palanca alguna que pueda pararlo en ningún sitio cerca del lugar donde se encontraba el demandante.   El motivo único que ocasionó esta cogida del demandante es la falta de protección que estos aparatos que están al aire libre, sin andamios, barreras, crucetas o protectores que hagan no peligroso el pase por este lugar.   Este defecto aparente ha estado siempre al alcance de los patronos del demandante que lo sabían y les constaba tal peligro inminente y no fué remediado nunca por ellos ni por persona bajo su mando."

Después de ser declarada con lugar la excepción previa presentada a la demanda se dictó sentencia a favor del demandado.

Creemos que tiene razón el apelante al sostener que se ha resuelto generalmente que, en acciones establecidas de conformidad con una ley sobre responsabilidad de patronos como la nuestra, ordinariamente no hay asunción de riesgo por parte del empleado.   Al reservar el estatuto al patrono el derecho de alegar la defensa de negligencia contributoria en general parece excluir la defensa de asunción del riesgo. El apelante admite el hecho de que pueden existir casos en que el empleado, aun bajo la ley puede considerarse que asume dicho riesgo, pero no tenemos interés en discutir la cuestión en un caso en que no hubo informe oral y en el cual el apelado ha dejado de formular su alegato.

Haciendo justicia, sin embargo, a la corte inferior, creemos que la sentencia debe ser confirmada porque el apelante no se ajustó a los preceptos de la Ley sobre Responsabilidad de Patronos.   Esa ley prescribe entre otras cosas lo siguiente:

"Sección 1.—Que cuando, después de la aprobación de esta ley, resulte lesión corporal a un empleado que esté ejercitando en su ocupación el debido celo y diligencia, al recibir el daño:

"1. Por causa de cualquier defecto en el estado de vías de comunicación o en el de las obras o máquinas que se usen en relación con la empresa del patrono, o en ella misma, y el daño fuere originado, o no descubierto o no remediado, por la negligencia del patrono, o de cualquier persona a su servicio a quien éste hubiese confiado el deber de hacer que dichas vías, obras o máquinas estuviesen en buen estado."

En el caso de *Rosa* v. *New York & Porto Rico S. S. Co.*, 20 D. P. R. 470, que ha sido citado por el apelante la corte analizó los elementos esenciales del estatuto. Entre ellos estaba la necesidad de alegar la negligencia del patrono. En esta demanda no ha sido alegada específicamente la negligencia, ni se deduce ésta necesariamente de nada de lo que en la misma se refiere. Antes de que pueda inferirse la negligencia del patrono debe demostrarse que debido a la relación establecida entre el patrono y el empleado se originó algún deber con el que dejó de cumplir el patrono. Ese es un deber que es más o menos común al negocio o industria y que un patrono regularmente prudente o sus agentes responsables debieron haber cumplido. El único defecto que aquí se alega es el dejar de proporcionar al demandante protección contra una maquinaria descubierta en un sitio en que no había escalera.

No existe alegación de que la maquinaria misma era defectuosa. No es bastante con decir "que el único motivo que ocasionó esta cogida del demandante es la falta de protección de estos aparatos que están al aire libre, sin andamios, barreras, crucetas o protectores que hagan no peligroso el pase por este lugar," sino que debe constar que había el deber de remediarse el supuesto defecto.

No daremos mayor consideración a un caso que ha sido sometido tan superficialmente a este tribunal. La sentencia debe confirmarse concediéndose permiso, sin embargo, al demandante para solicitar de la corte que le permita presen-

tar una nueva demanda y acompañar la referida moción a dicha nueva demanda, notificando a la demandada. En estas condiciones la corte inferior puede resolver sobre la suficiencia de la demanda después del debido informe y considerar entonces si habrá de permitir la radicación de una nueva demanda.

> *Confirmada la sentencia apelada pero concediéndose permiso para presentar una demanda enmendada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.