LEONCIO DE JESÚS, demandante y apelante, *v.* PEDRO OSORIO y EZEQUIEL CARDONA, demandados y apelados.

Núm. 9158—*Sometido:* Diciembre 26, 1945. *Resuelto:* Febrero 6, 1946.

*Gerardo J. Walker,* abogado del apelante; *Víctor J. Vidal González* y *Adolfo García Veve,* abogados, respectivamente, de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

De una sentencia declarando sin lugar la demanda de un padre por los daños y perjuicios sufridos por él al morir su hijo menor de 16 años como consecuencia de la negligencia del patrono en un accidente del trabajo, apela el demandante.

No existe controversia en cuanto a los hechos. El padre no dependía de su hijo, quien fué empleado por el patrono demandado en contravención a las leyes que regulan el empleo de menores. El patrono demandado estaba asegurado en el Fondo del Seguro del Estado al ocurrir el accidente.

La corte de distrito resolvió que el hecho de que el menor hubiese sido empleado en contravención a la ley no le excluía de los beneficios de la Ley de Compensaciones por Accidentes del Trabajo, que los remedios concedidos por dicha ley son exclusivos, y que por lo tanto no procedía la demanda por daños y perjuicios fundada en el artículo 1802 del Código Civil.

Dos errores imputa el apelante a la corte inferior: el haber determinado que el menor era un obrero sujeto a las disposiciones de la Ley de Compensaciones por Accidentes del Trabajo, y el haber resuelto que los remedios concedidos por esa ley impiden al padre del menor ejercitar la acción incoada.

En *Montaner* v. *Comisión Industrial,* 54 D.P.R. 67, se resolvió que un niño de catorce años de edad, empleado

sin el permiso del Departamento del Trabajo que exigía la Ley núm. 75 de 1921, era un obrero con derecho a compensación al amparo de la Ley de Compensaciones por Accidentes del Trabajo, diciéndose:

"Si los menores de edad que pueden ser empleados mediante permiso reciben lesiones, ellos deben estar protegidos por los términos de la ley de compensaciones por acidentes del trabajo, puesto que son tan 'obreros' bajo la ley como uno mayor de edad. El estatuto no hace distinción alguna. Las consecuencias de la omisión del patrono no deben ser sufridas por el menor. Hasta que la Asamblea Legislativa exprese su intención de excluir del campo de la ley de indemnizaciones a obreros a los menores empleados ilegalmente, a éstos no debe negársele tal protección."

Posteriormente, la Asamblea Legislativa expresó claramente su intención de incluir a los menores empleados ilegalmente entre los obreros protegidos por la Ley de Compensaciones por Accidentes del Trabajo, al enmendar, en el 1942, el artículo 3 de dicha ley, intercalando lo siguiente (Ley núm. 52 de 1942, pág. 519):

"Derechos de los Menores.—En caso de obreros menores de diez y ocho (18) años empleados en contravención a las leyes vigentes a la fecha del empleo, que sufrieren lesiones o enfermedades ocupacionales de acuerdo con los términos de esta Ley, la compensación que les corresponda en caso de incapacidad, o a sus beneficiarios en casos de muerte, será el doble del importe correspondiente a un obrero de diez y ocho (18) años empleado legalmente; *Disponiéndose,* que el patrono pagará la compensación adicional aquí provista."

Después de la enmienda que acabamos de copiar no puede caber duda de la intención legislativa. *Sucesión Lledó* v. *Comisión Industrial etc. y Pacheco et al,* ante, pág. 430.

No erró, por lo tanto, la corte inferior al determinar que la muerte del hijo del apelante estaba sujeta a compensación de acuerdo con la Ley de Compensaciones por Accidentes del Trabajo.

■■ El derecho a compensación que determina la ley citada es exclusivo. *Onna* v. *The Texas Co.,* 64 D.P.R. 520.

La ley así lo expresa de manera terminante en su artículo 20, que pasamos a copiar:

"Exclusividad del Remedio Provisto en Esta Ley—Artículo 20. —Cuando el patrono asegure sus obreros y empleados de acuerdo con la presente Ley, el derecho aquí establecido para obtener compensación será el único remedio en contra del patrono; pero en el caso de accidentes, enfermedades o muerte de los obreros o empleados no sujetos a compensación de acuerdo con esta Ley, la responsabilidad del patrono es y continuará siendo la misma que si no existiere la presente Ley."

El apelante insiste, no obstante, en que no puede haber sido la intención del legislador el privar de su derecho de acción a un padre cuyo hijo muere en un accidente del trabajo por negligencia del patrono, y quien, por no depender de su hijo, sólo tiene derecho, de acuerdo con la Ley de Compensaciones por Accidentes del Trabajo, a que se le reembolsen los gastos del funeral (artículo 5 de la ley citada).

No podemos convenir con el apelante. Los propósitos que encarnan leyes de compensaciones a obreros como la nuestra comprenden no sólo el ampliar los derechos del obrero sino el fijar límites a la responsabilidad del patrono. Mientras por un lado se obliga al patrono, o a su asegurador, a compensar daños sin que medie culpa o negligencia, y se eliminan las defensas de negligencia contribuyente, negligencia de compañeros de trabajo, y otras, por otro lado se limita la cuantía de la indemnización, y sólo se compensa, en caso de muerte, a los que dependían del obrero. Es por lo tanto perfectamente consistente con los propósitos de nuestro estatuto el que se elimine, como la letra del estatuto elimina, todo recurso contra el patrono, como resultado de un accidente del trabajo, excepto aquéllos que el propio estatuto autoriza. Si el resultado es, como en el caso de autos, que se priva a ciertas personas del derecho a indemnización en casos de muerte que tenían antes de aprobarse la ley, no podemos decir que ese resultado no cupiese dentro de la intención del legislador, particularmente en vista de

que sólo se priva de ese derecho a aquéllos que no dependían del obrero muerto.

En *Bigby* v. *Pelican Bay Lumber Co.*, 173 Ore. 682, 147 P.2d 199, *Atchison* v. *May*, 201 La. 1003, 10 So.2d 785 y *Treat* v. *Los Angeles Gas & Electric Corporation*, 82 Cal. App. 610, 256 P. 447, citados por la corte inferior en su extensa y bien razonada opinión, se resolvió, interpretando leyes de indemnizaciones a obreros parecidas a la nuestra, que fué la intención legislativa, al disponer la exclusividad del remedio concedido en esas leyes, privar totalmente de su derecho a indemnización a personas que no depedían del obrero fenecido.

No erró por lo tanto la corte inferior al resolver que el apelante carecía de causa de acción para que se le indemnizaran los daños alegados, ni al declarar sin lugar la demanda por ese fundamento.

*Debe confirmarse la sentencia apelada.*