ENRIQUE ARRAIZA IGLESIA, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC. Y ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO ET AL., recurridos.

Número: 589    Resuelto: 15 de marzo de 1962

---

*L. E. Dubón, A. Torres Braschi, R. García Cintrón* y *R. Ruiz Sánchez,* abogados del recurrente; ni el obrero lesionado ni la Comisión Industrial comparecieron ante el Tribunal.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Contra la resolución dictada por la Comisión Industrial de Puerto Rico resolviendo que el obrero Juan Ortiz Cubano sufrió un accidente mientras trabajaba para el patrono Enrique Arraiza Iglesia y que dicho accidente es compensable bajo las disposiciones de la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45 de 18 de abril de 1935 (11 L.P.R.A. secs. 1 a 42), se interpuso el presente recurso en el cual la única cuestión que se plantea es si la labor que realizaba el obrero al ocurrir los hechos era de carácter accidental o casual y estaba comprendida dentro del negocio, industria, profesión u ocupación del patrono.(¹)

Arraiza es un empleado permanente de la Autoridad de las Fuentes Fluviales de Puerto Rico en la población de Vega Baja. Tiene un garage arrendado a una tercera persona, y debido a que caían unas goteras, requirió los servicios de Ortiz Cubano para que efectuara ciertas reparaciones en el techo, consistentes en el cambio de varias planchas de hierro galvanizado. Ortiz trabaja regularmente en el Departamento de Instrucción del Estado Libre Asociado en la conservación y reparación de los edificios escolares, pero no estaba de turno el día del accidente, que a la sazón era día feriado por celebrarse el natalicio del Presidente Wash-

---

(¹) En los procedimientos ante la Comisión Industrial el recurrente Arraiza negó la relación de patrono y empleado y afirmó que el lesionado estaba realizando la labor sin su conocimiento ni consentimiento. En la vista celebrada la prueba presentada sobre este extremo fue contradictoria, siendo finalmente resuelta a favor del reclamante. Esta determinación tiene base suficiente en los autos, y no ha sido objeto de impugnación.

ington.(²)   Mientras el obrero desclavaba una alfarjía, ésta se salió, causando su caída contra una cama de hierro, lo que le produjo lesiones que le impidieron trabajar.   En una ocasión anterior—para la ocurrencia de la tormenta de Santa Clara—Ortiz había efectuado cierto trabajo para Arraiza "en el mismo garage reparando los rastrillos y la compuerta." ▪

La ley sobre la materia expresamente excluye de su aplicación a los obreros "cuya labor sea de carácter accidental o casual y no esté comprendida dentro del negocio, industria, profesión u ocupación de su patrono".   Así lo preceptúa el primer párrafo del artículo 2, 11 L.P.R.A. sec. 2, y la definición de "obrero" o "empleado" contenida en el artículo 38, 11 L.P.R.A. sec. 39.   En ausencia de una definición por reglamento de lo que constituye "carácter accidental o casual",(³) hemos de recurrir a nuestras propias decisiones anteriores para fijar la existencia de responsabilidad en este caso. ▪

En *Romero* v. *Comisión Industrial*, 73 D.P.R. 805 (1952) señalamos que la cuestión a determinarse es si la labor es casual, no si el obrero o empleado es casual, o sea, si ésta ocurre sin regularidad, ocasional e incidentalmente; y para comprender más claramente el concepto nos referimos a sus antónimos que son "regular", "sistemático", "periódico" y "cierto".   Dijimos además que si el trabajo está comprendido dentro del negocio del patrono, los obreros están cubiertos por la ley irrespectivamente de si la labor es casual o

---

(²) Artículo 387 del Código Político, 1902, 1 L.P.R.A. sec. 71, en relación con la Orden Ejecutiva Núm. 10358 del Presidente de Estados Unidos, de fecha 9 de junio de 1952, 17 F.R. 1529, 5 U.S.C.A. (Supl. 1960), pág. 42.

(³) Desde la aprobación en 18 de abril de 1935 de la Ley de Compensaciones por Accidentes del Trabajo, se dispuso que "lo que constituye un trabajo accidental o casual lo determinará la Comisión Industrial por reglamento aprobado por el Gobernador de Puerto Rico. . . ", artículo 38, supra.   Han transcurrido cerca de veinte y siete años sin que se haya aprobado dicho reglamento.   Véase, 11 R.&R.P.R., págs. 389–437.

incidental. Específicamente resolvimos que la labor de dos obreros empleados por un patrono para hacer carbón, cuando dicho patrono no está ocupado habitual o regularmente en esta actividad sino que recurre a ella esporádicamente, no es una comprendida dentro de negocio alguno del patrono, aun cuando éste obtenga ganancias de tal actividad. ■

*De Castro* v. *Comisión Industrial*, 72 D.P.R. 666 (1951) estableció la interpretación de nuestro estatuto al efecto de requerir la concurrencia de ambos requisitos—labor casual e incidental y que no esté comprendida dentro del negocio, industria, profesión u ocupación del patrono—para que opere la exclusión de los beneficios de la ley. Véase, *Opiniones del Secretario de Justicia*, (1958), págs. 52–57. Se trataba de la propietaria de un edificio de tres plantas, que tenía establecido un negocio personal de salón de belleza en el piso principal y destinaba las otras dos plantas a alquiler; que utilizó los servicios de un camión para remover y transportar de la segunda planta de dicho edificio cierta madera vieja que allí había, resultando lesionado uno de los obreros que intervino en dicha labor. Indicamos que la cesión en arrendamiento de estos pisos no equivale a la explotación de un negocio dentro del significado y alcance del artículo 38 citado, cuando el propietario no dedica—personalmente o a través de un agente—parte sustancial de su tiempo a la explotación o administración de la propiedad.

Véanse, además, *Atiles, Admor.* v. *Comisión Industrial*, 63 D.P.R. 597 (1944); *Hernández* v. *Comisión Industrial*, 60 D.P.R. 165 (1942); *Montaner, Admor.* v. *Comisión Industrial*, 57 D.P.R. 272 (1940); cf. *Colón* v. *Comisión Industrial*, recurso núm. 556, sentencia de 12 de abril de 1960; Schneider, *Workmen's Compensation Text*, vol. 2, sec. 279 y sigtes. ■

Según indica la propia ley, son factores a considerar para la determinación de lo que constituye un trabajo accidental o casual la clase o naturaleza del trabajo que se realiza,

*Hanes* v. *Ticatch*, 150 N.E.2d 493 (1958), el período de duración de la labor, el costo que representa para el patrono, y principalmente, su relación con el negocio o industria del patrono. Véanse, Anotaciones en 107 A.L.R. 934 (1937); 60 A.L.R. 1195 (1929) y 33 A.L.R. 1452 (1924). En el presente caso difícilmente puede sostenerse que el arrendamiento de un garage constituía una industria o negocio explotado por el recurrente, especialmente considerando que su ocupación habitual era la de empleado de una agencia gubernamental. No hay prueba de clase alguna que demuestre que Arraiza se dedicara al arrendamiento de locales. *Schuler* v. *Holmes*, 49 N.W.2d 818 (Iowa, 1951); *Plankinton* v. *Schurr*, 137 A.2d 803 (Pa. 1958); *Stein* v. *Felden*, 86 A.2d 19 (N.J. 1952); *Schindler* v. *McFee*, 207 P.2d 1158 (Idaho, 1949); cf. *School Directors of Oakdale C. S.* v. *Industrial Commission*, 99 N.E.2d 114 (Ill. 1951) y *De May* v. *Pine Tp. School District*, 48 A.2d 117 (Pa. 1946). El hecho de que en una ocasión anterior—durante la emergencia creada por la proximidad de un disturbio atmosférico—el reclamante hubiese prestado servicios al recurrente no es decisivo para establecer el elemento de continuidad en la labor, y más bien corrobora que era infrecuente, y solamente en circunstancias poco usuales.(4) Cf. *Cierpik* v. *Borough of Manasquan*, 64 A.2d 890 (N.J. 1949); *Tourneau* v. *Consolidated Fisheries Co.*, 51 A.2d 862 (Del. 1947).

*Se revocará la resolución dictada por la Comisión Industrial en 19 de agosto de 1960, y se desestimará la petición de compensación radicada por el obrero.*

---

(4) No estamos resolviendo que cuando el patrono y el empleado tienen un acuerdo expreso o tácito que se ha extendido por un período considerable de tiempo para que el empleado realice determinada labor durante ciertos períodos definidos, ésta deja de ser casual. *Alekson* v. *Kennedy Motors Co.*, 55 N.W.2d 696 (Minn. 1952); *McCabe* v. *Shanahan & Son*, 24 A.2d 16 (Pa. 1942). Esta cuestión queda expresamente abierta para futura consideración.