JUAN ORTIZ CUBANO, demandante y recurrente, *v.* ENRIQUE ARRAIZA IGLESIA, demandado y recurrido.

*Número:* R-64-78      *Resuelto:* 29 de diciembre de 1964

*José E. Franco Santiago,* abogado del recurrente; *Dubón &
Dubón,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Blanco Lugo como
Presidente Accidental de Sala y los Jueces Asociados Señores
Dávila y Ramírez Bages.

El Juez Asociado Señor Blanco Lugo emitió la opinión del
Tribunal.

Los antecedentes de este recurso aparecen en la opinión
emitida en *Arraiza Iglesia* v. *Comisión Industrial,* 85 D.P.R.
14 (1962). Allí resolvimos que un accidente sufrido por el
recurrente Juan Ortiz Cubano mientras realizaba labor de
carácter accidental o casual para beneficio del patrono no
asegurado Enrique Arraiza Iglesia, la cual no estaba com-
prendida dentro del negocio, industria u ocupación de éste—
una reparación consistente en cambiar varias planchas de
hierro galvanizado en el techo de un garage cedido en arren-
damiento—no era compensable por no hallarse comprendido
en la Ley de Compensaciones por Accidentes del Trabajo, 11
L.P.R.A. sec. 2. En consecuencia, tampoco estaba disponible
para el lesionado la acción que provee la Sec. 15 de dicha ley,
11 L.P.R.A. sec. 16, para el caso del patrono comprendido
bajo las disposiciones de la ley que dejare de asegurar el pago

de compensaciones por accidentes del trabajo.(¹) Huelga decir que si se hubiese tratado de un patrono asegurado también le estaría vedada toda acción judicial debido a la exclusividad del remedio que provee la ley mencionada. Art. 20, 11 L.P.R.A. sec. 21; *De Jesús* v. *Osorio*, 65 D.P.R. 640 (1946); *Onna* v. *The Texas Co.*, 64 D.P.R. 520 (1945); cf. *Cortijo Walker* v. *Fuentes Fluviales*, 91 D.P.R. 574 (1964).

No obstante, en 4 de febrero de 1963, Ortiz Cubano acudió al Tribunal Superior, Sala de Bayamón, e inició una acción en reclamación de daños y perjuicios contra Arraiza, en la cual expuso que mientras trabajaba como carpintero para el demandado sufrió "un accidente del trabajo" ocurrido al caerse del techo de un garage al partirse una de las alfarjías que lo sostenían; y que dicho accidente ocurrió debido a "la única y exclusiva culpa y negligencia del patrono demandado." Conjuntamente con la demanda, presentó una moción de aseguramiento de sentencia sin la previa prestación de fianza, invocando para ello la Sec. 16 de la Ley de Accidentes del Trabajo, 11 L.P.R.A. sec. 17, que, por la importancia que tiene para resolver este recurso, transcribimos a continuación:

"En todos los casos de enfermedades, lesiones o muerte ocurridos a obreros o empleados no sujetos a las disposiciones de esta Ley, la responsabilidad de dicho patrono es y será la misma que si esta Ley no existiere, independiente a cualquier acción que pueda tener el obrero o empleado perjudicado de acuerdo con lo dispuesto en el artículo 1802 del Código Civil vigente, según ha sido reenumerado en 1930, y la acción se llevará a cabo ante la corte de distrito del distrito judicial donde ocurriere el accidente.

---

(¹) "Si cualquier patrono de los comprendidos en esta Ley dejare de asegurar el pago de compensaciones por accidentes del trabajo de acuerdo con esta Ley, cualquier obrero o empleado perjudicado o sus beneficiarios pueden proceder contra tal patrono radicando una petición para compensación ante la Comisión Industrial, y, además, pueden ejercitar una acción contra el patrono por daños y perjuicios, lo mismo que si esta Ley no fuere aplicable. . . ."

"En tales casos, nada de lo contenido en esta Ley se interpretará en el sentido de privar al obrero o empleado o a sus beneficiarios en caso de muerte, de su derecho a reclamar y obtener daños y perjuicios de su patrono, de acuerdo con las lesiones sufridas por dicho obrero o empleado.

"En estas acciones por daños, y como 'si esta Ley no fuera aplicable, el obrero o empleado o sus beneficiarios tendrán derecho sin prestar fianza, a embargar la propiedad del patrono por el montante que determinare la corte para asegurar el pago de la decisión que recayere, y tal embargo incluirá los honorarios de abogado que serán fijados por la corte."

El demandado solicitó se dictara sentencia sumaria desestimando la demanda. Alegó que de un examen de los hechos expuestos en la misma surgía que la causa de acción ejercitada se fundaba en las disposiciones del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, y que habiendo ocurrido el accidente en 22 de febrero de 1960, la acción iniciada en 4 de febrero de 1963 estaba prescrita por haber transcurrido más de un año desde que el reclamente tuvo concimiento del daño, Art. 1868 del mismo cuerpo legal, 31 L.P.R.A. sec. 5298. Luego del trámite de rigor, el tribunal de instancia declaró con lugar dicha moción. Para revisar la sentencia desestimatoria de la demanda expedimos auto de revisión.

Tanto a través del curso del pleito como en la vista oral celebrada, el demandante recurrente ha insistido en que la acción incoada no se ampara en la disposición clásica de culpa extracontractual del Código Civil. Repudia esa posición y admite que la alegación tercera de la demanda al afecto de que la causa del accidente fue la culpa y negligencia del patrono era innecesaria. Sostiene que se trata de una acción *sui generis*, cuyo fundamento legal pretende encontrar en el texto del Art. 16 de la Ley de Accidentes del Trabajo. Así la consideraremos. Al efecto señala que como ya resolvimos en *Arraiza Iglesia* v. *Comisión Industrial*, supra, que el cuadro de hechos presenta una lesión no sujeta a las disposiciones de dicha ley, le corresponde la causa de

acción a que se refiere la frase "la responsabilidad de dicho patrono es y será la misma que si esta Ley no existiere," la cual es "independiente a cualquier acción que pueda tener el obrero o empleado perjudicado de acuerdo con lo dispuesto en el artículo 1802 del Código Civil vigente." En verdad todo se reduce a determinar a qué "responsabilidad" del patrono alude dicha frase.

Nada más provechoso que emprender un recuento de la legislación sobre la materia. La primera ley general sobre accidentes del trabajo, Ley Núm. 19 de 13 de abril de 1916 (Leyes, pág. 51)—que era de carácter voluntario, pues los patronos podían optar entre acogerse o no a sus disposiciones, Art. 3—prescribía en su Art. 26 que "Nada de lo contenido en esta Ley se interpretará en el sentido de privar al obrero lesionado . . . del derecho a optar por el renunciamiento de las disposiciones de esta Ley en cualquier tiempo antes de recibir compensación en virtud de la misma, y reclamar y obtener daños y perjuicios de un patrono, *de acuerdo con las disposiciones de la ley antes de entrar ésta en vigor*, cuando las lesiones sufridas por dicho obrero hubieren sido causadas por *acto voluntario o negligencia criminal de su patrono*." (Bastardillas nuestras.) Vemos cómo se remite a la legislación vigente antes de 1916, que no es otra que la Ley sobre Responsabilidad de Patronos, Ley de 1 de marzo de 1902, 11 L.P.R.A. secs. 131–140, que, aunque con carácter limitado concedía compensación por accidentes del trabajo ocurridos bajo ciertas circunstancias: "Cuando . . . resulte lesión corporal a un empleado que esté ejercitando en su ocupación el debido celo y diligencia, al recibir el daño: (1) Por causa de cualquier defecto en el estado de vías de comunicación o en el de las obras o máquinas que se usen en relación con la empresa del patrono, o en ella misma, y el daño fuere originado, o no descubierto o no remediado, por la negligencia del patrono, o de cualquier persona a su servicio, a quien éste hubiese confiado el deber de hacer que dichas vías, obras o

máquinas estuvieren en buen estado; o (2) Por causa de la negligencia de cualquier persona al servicio del patrono, encargada de la superintendencia como su solo o principal deber; o, (3) . . . [se refiere a casos de ferrocarriles]." Cuando la acción en daños se basaba en las disposiciones de esta ley era necesario alegar específicamente la negligencia del patrono, *Tomei* v. *Arkadia Sugar Co.*, 24 D.P.R. 387 (1916); *Rosa* v. *N.Y. and P.R. Steamship Co.*, 20 D.P.R. 470 (1914); *Pérez* v. *Guánica Centrale*, 17 D.P.R. 963 (1911); *Márquez* v. *N.Y. & P.R. SS Co.*, 17 D.P.R. 546 (1911); *Colomé* v. *Guánica Centrale*, 16 D.P.R. 466 (1910); *Bezarés* v. *Caguas Tramway Company*, 16 D.P.R. 369 (1910). La renuncia que permite la Ley de 1916 se explica fácilmente cuando se consideran los daños que se autorizaban a recobrar conforme a la Sec. 2 de la Ley de 1902, (²) en contraste con la indemnización limitada que aquélla acordaba en sus Arts. 4 y 5.

La Ley Núm. 10 de 25 de febrero de 1918 (Leyes, pág. 55), que sustituyó la de 1916, y que estableció el seguro obrero obligatorio, conservó sustancialmente en su Art. 21 idéntica redacción al Art. 26 anterior. El único cambio que merece mencionarse es que en lugar de responsabilidad por el acto "voluntario" del patrono se refirió a su acto "ilegal".

---

(²) "Que cuando un empleado sufra lesión corporal, dentro de las condiciones fijadas en la Sección 1 de esta Ley, podrá reclamar de su patrono, ante la Corte de Distrito correspondiente, indemnización por el perjuicio sufrido. Esta indemnización no podrá exceder de dos mil dollars, y, al calcular su importe, el tribunal tomará en consideración el grado de culpabilidad del patrono o de la persona por cuya negligencia sea responsable el patrono, las cantidades gastadas por el empleado en asistencia médica, drogas, medicinas y otros gastos necesarios, y la pérdida de salario durante el tiempo que dure la curación; el tribunal tomará también en consideración el dolor físico y sufrimientos originados por la lesión. Si ésta es de tal carácter que inhabilite permanentemente al empleado para ganar dinero, el tribunal incluirá en la indemnización que declare una suma por ese concepto. En caso que la lesión resulte en la inhabilitación temporal del empleado para poder ganar dinero, el tribunal, tomará en consideración, además de los gastos de médico y medicinas, y del dolor físico y sufrimientos, el término medio de los salarios que en circunstancias ordinarias pudiera haber ganado el lesionado."

Sin embargo, es el Art. 22 el que arroja luz sobre el problema que consideramos. Consagra un derecho de subrogación a favor de la Comisión Industrial, cuando el obrero no ha renunciado a los beneficios de la ley y ha recibido la correspondiente indemnización en aquellos casos en que la lesión le hubiere sido causada al obrero "bajo circunstancias que creen una responsabilidad contra alguna persona *o contra el patrono cuando la lesión fue causada por su acto ilegal o negligencia criminal (wilful misconduct) o por defectos en las maquinarias o implementos.*" Las Secs. 44 y 45 de la Ley Núm. 85 de 14 de mayo de 1928 (Leyes, pág. 631), son idénticas en su texto a los Arts. 21 y 22 de la Ley de 1918, con excepción de un disponiéndose final en el primero, que preceptúa que "solamente en ese caso de renuncia y en los demás prescritos en la presente tendrá el obrero comprendido en esta Ley . . . derecho a ejercitar la acción de daños y perjuicios contra el patrono." Ya en la Sec. 53 aparece por primera vez el texto al efecto de que "En todos los casos de lesiones o muertes ocurridas a empleados no sujetos a las disposiciones de esta Ley la responsabilidad del patrono es y será la misma que si esta Ley no se hubiese aprobado."

Puede deducirse que, al aprobarse la ley vigente en 1935, y una vez salvada cualquier causa de acción que correspondiera al obrero en virtud del Art. 1802 contra el patrono por su acción u omisión interviniendo culpa o negligencia, no existe otra disposición legal para responsabilizar al patrono que no sea la referida Ley de 1 de marzo de 1902, pues es la única que, presente la relación de patrono y obrero, establece ciertos supuestos de causalidad entre los daños recibidos y el accidente. El actual Art. 16 no crea una causa de acción que no hubiese existido hasta entonces. Meramente reitera la referencia a la Ley de 1 de marzo de 1902 que se venía haciendo desde 1916. Así lo insinuamos en *Vda. de Maldonado* v. *Méndez*, 88 D.P.R. 263 (1963), cuando al comparar las acciones prevenidas por los Arts. 15 y 16, dijimos: "El Art. 16 se basa

igualmente en la relación obrero-patronal, sólo que el obrero no es de los comprendidos en la Ley de Compensaciones por Accidentes del Trabajo. De ahí que se mantenga la responsabilidad del patrono como si esa Ley no existiera, independientemente de la responsabilidad aquiliana que se debe bajo el Art. 1802 del Código Civil a cualquier persona que sufre daños." ([3]) Hace apenas unos días en *Cortijo Walker* v. *Fuentes Fluviales*, supra, al referirnos a las Secs. 44 y 45 de la ley de 1928, señalamos que "Esas disposiciones del estatuto anterior se descartaron desde 1935 al adoptarse la ley actual, la cual demuestra un señalado y definitivo criterio del legislador de no conceder acción general de daños por concepto alguno contra el patrono cualquiera que fueren sus actuaciones en la esfera aquiliana y el grado de culpa y negligencia, con excepción de aquellas situaciones del Art. 15—patrono no asegurado—en que concediéndose al obrero o sus familares los beneficios de la Ley, se les permite demandar al patrono en daños como una sanción adicional al incumplimiento de no asegurarse."

Además, cuando la Ley por Accidentes del Trabajo quiso consagrar acciones especiales dimanantes de la existencia de la relación obrero-patronal lo hizo en forma inequívoca. Véanse las Secs. 15 y 31, 11 L.P.R.A. secs. 16 y 32.

En conclusión, cuando se trata de un patrono no asegurado como lo era Arraiza, pero el accidente no está cubierto por la Ley de Accidentes del Trabajo por ser casual o accidental o no relacionado con su industria o negocio, e independientemente de cualquier responsabilidad extracontractual bajo el Art. 1802, la única otra acción disponible para el obrero para obtener resarcimiento a que se refiere el Art. 16 al decir que la responsabilidad del patrono "es y será la misma que si la ley no existiere," tiene que enmarcarse dentro de las disposiciones de la Ley de 1 de marzo de 1902. Y considerada la demanda radicada a la luz de dichas disposi-

---

([3]) En un escolio llamamos la atención a la Ley de 1 de marzo de 1902.

ciones, resulta palmario que no aduce hechos constitutivos de causa de acción, (⁴) y que, además, no se incoó dentro del término de seis meses que prescribe la misma, Sec. 6, 11 L.P.R.A. sec. 136.

*Aunque por distintos motivos, se confirmará la sentencia dictada por el Tribunal Superior, Sala de Bayamón, en 10 de marzo de 1964.*

---

(⁴) Si se tratara de la acción que concede el Art. 1802, cf. *Arroyo* v. *Plaza Provision Co.*, 68 D.P.R. 962 (1948), no sólo estaría prescrita, sino que tampoco tendría causa de acción según el cuadro de hechos que consideramos en *Arraiza Iglesia* v. *Comisión Industrial, supra.* Es por eso que tesoneramente el recurrente ha tratado de ampararse en su especial interpretación del Art. 16, y en leer en su texto una nueva acción que no requeriría como elemento la culpa o negligencia del patrono.