PEDRO PRATTS, y/o ÁNGEL LUIS ARROYO GRAJALES, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE MAYAGÜEZ, HON. LUIS R. APELLÁNIZ, JUEZ, demandado.

*Número:* O-69-40     *Resuelto:* 27 de mayo de 1969

*Eudaldo Báez Galib,* abogado del peticionario.

Sala primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Un menor de doce años y medio, empleado por el patrono asegurado Ángel Luis Arroyo, sufrió un accidente mientras cortaba caña por ajuste a consecuencia del cual se le amputó la falange distal del dedo pulgar izquierdo. Por tal motivo inició una acción civil ordinaria contra Arroyo en reclamación de daños y perjuicios fundando la causa de pedir en "la responsabilidad . . . [que] surge de la relación obrero patronal ilegal que existía entre el demandado y el menor perjudicado."

Contra la demanda se interpuso moción de desestimación por ausencia de jurisdicción ya que, tratándose de un accidente del trabajo, conforme al Art. 20 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 21, es exclusivo el remedio por ésta provisto. *Montes* v. *Fondo del Seguro del Estado*, 87 D.P.R. 199 (1963); *Baéz Vega* v. *E.L.A.*, 87 D.P.R. 67 (1963); *De Jesús* v. *Osorio*, 65 D.P.R. 640 (1946); *Onna* v. *The Texas Co.*, 64 D.P.R. 520 (1945); cf. *Alcoa Steamship Company* v. *Pérez Rodríguez*, 376 F.2d 35 (1967); *Santiago* v. *Hermanos*, 255 F.Supp. 932 (1966); *Feliciano* v. *Compañía Trasatlántica Española, S.A.*, 286 F.Supp. 226 (1968). El tribunal de instancia denegó la desestimación solicitada aduciendo que, por tratarse de un menor de catorce años para cuyo empleo no podía obtenerse el permiso autorizado por el Art. 5 de la Ley de Empleo de Menores, 29 L.P.R.A. sec. 435,(1) el accidente no estaba cubierto por la Ley de Compensaciones a Obreros. Acordamos revisar.

Ya en *Montaner, Admr.* v. *Comisión Industrial*, 54 D.P.R. 67 (1939), resuelto bajo la legislación anterior—Ley Núm. 75 de 20 de julio de 1921—que reglamentaba el empleo de menores en términos similares a la vigente resolvimos que un

---

(1) "Ningún menor entre catorce (14) y menos de dieciocho (18) años será empleado ni se le permitirá ni tolerará que trabaje en ninguna ocupación lucrativa a menos que su patrono procure y conserve . . . un certificado de empleo o un permiso especial expedido [por el Secretario de Trabajo]. . . ."

menor entre las edades de 14 y 16 años empleado sin el permiso requerido es un obrero o empleado protegido por la Ley de Compensaciones por Accidentes del Trabajo. La opinión emitida concluye diciendo que "Hasta que la Asamblea Legislativa exprese su intención de excluir del campo de la ley de indemnizaciones a obreros a los menores empleados ilegalmente, a éstos no debe negárseles tal protección." La Asamblea Legislativa no sólo ratificó el criterio sobre la inclusión de menores entre los obreros protegidos por la ley, sino que mediante la Ley Núm. 52 de 25 de abril de 1942 (Leyes, pág. 503) adicionó el acápite "Derechos de los Menores" al Art. 3 de la ley, 11 L.P.R.A. sec. 3, que provee *compensación doble* en los casos de obreros menores de 18 años empleados en contravención a la Ley de Empleo de Menores.([2])

Desde entonces en los casos resueltos sobre el particular se trataba de menores comprendidos entre las edades de catorce y dieciocho años. Véanse, *Sucn. Lledó* v. *Comisión Industrial*, 65 D.P.R. 430 (1945); *De Jesús* v. *Osorio*, supra; *Transportation Service Co.* v. *Comisión Industrial*, 66 D.P.R. 395 (1946); *Juan Bigas, Sucrs.* v. *Comisión Industrial*, 71 D.P.R. 336 (1950); *Silva* v. *Comisión Industrial*, 91 D.P.R. 891 (1965); *Colón Santiago* v. *Comisión Industrial*, supra. Es ésta la primera ocasión en que consideramos la situación de un menor de catorce años.

Sin embargo, *Sucn. Lledó*, supra, arroja luz sobre el problema que confrontamos, pues allí se trataba de un menor empleado en una de las ocupaciones peligrosas a la salud y la vida, empleo que está absolutamente vedado independiente-

---

([2]) En *Colón Santiago* v. *Comisión Industrial*, 97 D.P.R. 208 (1969) señalamos que "Parece claro que el propósito que animó al legislador fue estatuir una sanción adicional—en *Silva* v. *Comisión Industrial*, 91 D.P.R. 891, 903 (1965), nos referimos a esta compensación adicional como una "penalidad económica"—para los infractores de las disposiciones sobre el empleo de menores, y lograr así el fin perseguido de proteger la salud de los menores, propiciar su educación y adiestramiento y evitar el desplazamiento de miembros de la fuerza obrera que son jefes de familia."

mente de la edad del menor. Resolvióse que habiendo sido empleado el menor para trabajar en una ocupación para la cual no podía ser legalmente autorizado ni por sus padres ni por funcionarios del Departamento del Trabajo, era aplicable la ley y correspondía imponer el pago de la doble compensación. Otro tanto puede argüirse en el presente caso, *vis a vis*, en que se trata de un menor de doce años cuyo empleo en una ocupación no declarada peligrosa tampoco podía autorizarse por contar menos de catorce años de edad.(³)

Aunque en algunas jurisdicciones ha habido ciertas vacilaciones,(⁴) la regla general aceptada es que no debe trazarse distinción alguna entre empleos que serían lícitos a no ser por la ausencia del permiso requerido por el estatuto y aquellos que son ilegales por prohibición expresa de ley—en Puerto Rico, los menores de catorce años en cualquier ocupación y los menores de dieciocho años en cualquiera de las ocupaciones peligrosas. Véanse, *Carlton* v. *Parker Dairy Company*, 116 N.W.2d 212 (Mich. 1962); *Balogh* v. *Ladanye*, 157 A.2d 350 (N.J. 1960); *Lengyel* v. *Bohrer*, 94 A.2d 753 (Pa. 1953). Larson califica esta distinción de artificial, *The Law of Workmen's Compensation*, vol. 1A, § 47.52(b), pág. 798. Aun en aquellos estados en que no se vedaba el acceso a los tribunales se reconocía la dificultad que ello entrañaba para el menor porque presuponía el establecimiento de un acto u omisión negligente o culposa del patrono para la exigencia de responsabilidad. En tales condiciones,

---

(³) Oportunamente la Comisión Industrial dictó resolución con fecha 11 de abril de 1968 en el caso C.I. 68-4-2196 fijando la compensación correspondiente y ordenando se cobrara al patrono Ángel Luis Arroyo "la doble compensación que como penalidad viene obligado a pagar."

(⁴) Compárense, *Lee* v. *Kansas City Public Service Co.*, 22 P.2d 942 (Kan. 1933), con *Dressler* v. *Dressler*, 208 P.2d 271 (Kan. 1949), y *Hadley* v. *Security Elevator Co.*, 264 P.2d 1076 (Kan. 1953); *Widdoes* v. *Laub*, 129 Atl. 344 (Del. 1925), con *Hill* v. *Moskin Stores, Inc.*, 165 A.2d 447 (Del. 1960); *Smith* v. *Arnold*, 60 So.2d 281 (Fla. 1952), con *Winn-Lovett Tampa* v. *Murphree*, 73 So.2d 287 (Fla. 1954). Véase también *Bartley* v. *Couture*, 55 A.2d 438, 442–443 (Me. 1947).

368

preferible es sostener la exclusividad del remedio de la Ley de Compensaciones por Accidentes del Trabajo que en todos los casos brindará protección al menor y que sólo requiere se establezca la relación causal entre el accidente y el empleo. Cf. *Castro v. Marrero*, 54 D.P.R. 201 (1939); *Arroyo v. Plaza Provision Co.*, 68 D.P.R. 962 (1948); *Ortiz Cubano v. Arraiza Iglesia*, 91 D.P.R. 596 (1964).

*Se revocará la resolución dictada por el Tribunal Superior, Sala de Mayagüez, en 17 de enero de 1969, y se devolverá el caso con instrucciones de que se declare con lugar la desestimación solicitada por el recurrente.*